David SWAZO, Petitioner,

v.

Duane SHILLINGER, Warden of the Wyoming State Penitentiary, and the Attorney General of the State of Wyoming, Respondents.

No. 91–CV–51–J.

United States District Court, D. Wyoming.

June 25, 1996.

David Swazo, pro se.

D. Michael Pauling, Wyoming Attorney General's Office, Cheyenne, WY, for Respondents.

***MEMORANDUM AND ORDER OVERRULING PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION WITH PREJUDICE***

ALAN B. JOHNSON, Chief Judge.

Before the court are petitioner David Swazo's objections to the Magistrate Judge's report and recommendation dated October 12, 1995, which recommended the petition be

---

dismissed with prejudice for lack of prosecution pursuant to Fed.R.Civ.P. 41(b), Rule 11 of the Rules Governing Section 2254 Cases, and U.S.D.C.L.R. 41(b) & 78(b)(2)(A). Having reviewed de novo the report and recommendation, Mr. Swazo's written objections thereto, the entire file in this case, and all of the relevant facts and law, the court accepts the Magistrate Judge's recommendation that the petition be dismissed with prejudice for failure to prosecute. The court also concludes the petition should be dismissed with prejudice on the ground Mr. Swazo's claims are procedurally barred.

## I

Mr. Swazo pleaded guilty to first degree sexual assault in 1987. He did not file a direct appeal from his conviction. He did, however, file a pro se "Petition for Post-conviction Relief and/or Motion to Vacate or Correct the Sentence" in the district court for the Third Judicial District of the State of Wyoming. After securing counsel, Mr. Swazo filed an "Amended Motion for Post-conviction Relief" in the same court. The state court denied both motions on the merits in a consolidated order. Mr. Swazo then sought certiorari review of the consolidated order from the Wyoming Supreme Court, but that court summarily denied that petition over the dissent of the Chief Justice Walter Urbigkit. *Swazo v. State*, 800 P.2d 1152 (Wyo.1990).

Mr. Swazo then filed the instant petition for a writ of habeas corpus. This court determined there should be an evidentiary hearing and ordered that a telephonic hearing be held before the magistrate judge. Both before and after the court ordered the evidentiary hearing, Mr. Swazo requested that counsel be appointed to represent him, but the court denied both requests. After the hearing, the magistrate judge concluded that Mr. Swazo's claims lack merit and recommended that his petition be denied. Both parties filed objections to the magistrate judge's report and recommendation. Though not specifically adopting the magistrate

judge's findings, this court agreed Mr. Swazo's claims were unpersuasive and denied the petition on the merits.

Mr. Swazo appealed the court's ruling, and the Tenth Circuit reversed and remanded for further proceedings. *Swazo v. Wyoming Dept. of Corrections*, 23 F.3d 332 (10th Cir. 1994). The Tenth Circuit concluded the court erred in denying Mr. Swazo's request for appointment of counsel to assist him during the evidentiary hearing, holding it is mandatory that the district courts appoint counsel in all habeas corpus cases in which an evidentiary hearing is required. *Id.* at 333–34. The Tenth Circuit emphasized the narrowness of its holding, however:

> [W]e are not necessarily requiring the district court to appoint counsel and hold another evidentiary hearing. That is because petitioner's claims may be procedurally barred, an issue the district court did not address, and we have not.
>
> In their answer to the petition, their objection to the magistrate judge's findings and recommendation, and their brief on appeal, respondents claim that at least two of petitioner's claims are procedurally barred. Neither the magistrate judge nor the district court addressed respondents' procedural bar argument, however. This should have been done. If a respondent raises procedural bar in a § 2254 proceeding, a district court must address it and, if valid, "enforce it and hold the [petitioner's] claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir.1994); *see also Hardiman v. Reynolds*, 971 F.2d 500, 503 n. 5 (10th Cir.1992) (if respondent raises procedural bar defense, it is entitled to ruling on that ground).

*Swazo*, 23 F.3d at 334.

After the mandate issued, the respondents filed a supplemental brief regarding procedural default. Mr. Swazo did not submit a response, but instead filed yet another motion for appointment of counsel on July 27, 1994. In contrast to his two prior motions, Mr. Swazo did not seek assistance of counsel in preparing for an evidentiary hearing, as indeed no such hearing had been scheduled.

Instead, he sought counsel to assist him in preparing his response to the supplemental brief regarding procedural default. Although the Magistrate Judge did not discuss the matter directly, he apparently realized, quite correctly, that the Tenth Circuit's decision in *Swazo*, 23 F.3d at 333–34, was distinguishable because Mr. Swazo did not seek counsel to assist him during an evidentiary hearing, and denied Mr. Swazo's motion for appointment of counsel on July 29, 1994. Mr. Swazo did not seek review of the Magistrate Judge's order denying appointment of counsel, and, as of the date of this order, Mr. Swazo has not filed a response to the respondents' brief regarding procedural default.

On August 11, 1995, the respondents filed a motion to dismiss for lack of prosecution pursuant to Fed.R.Civ.P. 41(b), Rule 11 of the Rules Governing Section 2254 Cases, and U.S.D.C.L.R. 41(b). Mr. Swazo did not respond to this motion. On October 12, 1995, the Magistrate Judge recommended that the motion be granted for the following reasons: (1) on May 25, 1994, the Magistrate Judge set a briefing scheduling which required both Mr. Swazo and the respondents to file briefs regarding procedural default in light of the Tenth Circuit's decision in *Swazo*, 23 F.3d 332; (2) the respondents filed their brief within the time allowed, but Mr. Swazo did not file a brief either before or after July 29, 1994; (3) the most recent action taken by Mr. Swazo occurred on August 24, 1994, when he filed a "Motion for Re-setting of Evidentiary Hearing," despite the fact there was no prior evidentiary hearing to reset, given that the court had not ordered an evidentiary hearing regarding the issues raised in respondents' brief regarding procedural default; and (4) Mr. Swazo failed to respond to the respondents' motion to dismiss, which, under U.S.D.C.L.R. 78(b)(2)(A), may be deemed as a confession to the respondents' motion to dismiss for lack of prosecution.

On October 26, 1995, Mr. Swazo filed a document which the court construes as an objection to the Magistrate Judge's report and recommendation dated October 12, 1995. Because Mr. Swazo filed his objections within ten days of receiving service of the Magis-trate Judge's report and recommendation, the court will review the report and recommendation de novo. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a) (computation of time).

## II

■ The court agrees with the Magistrate Judge's conclusion in the report and recommendation that the petition should be dismissed with prejudice for failure to prosecute. The respondents filed their motion to dismiss on August 11, 1995. Mr. Swazo did not file a response to the motion, and indeed filed no document of any kind until after the magistrate judge issued the report and recommendation on October 12, 1995. Under U.S.D.C.L.R. 78(b)(2)(A), a party opposing a dispositive motion "shall, within ten (10) days after service of said motion, serve upon all parties a written brief containing a short, concise statement of the argument and authorities in opposition to the motion," and "[f]ailure of a responding party to serve a response within the ten (10) day time limit shall be deemed by the Court as a confession of the motion." In light of Mr. Swazo's complete failure to respond to the motion to dismiss until after the Magistrate Judge issued his ruling, the court, like the Magistrate Judge, believes it is appropriate to treat his inaction as a confession that the motion should be granted and the petition should be dismissed with prejudice for failure to prosecute.

Furthermore, even if the court assumes for the sake of discussion that the Magistrate Judge's recommendation Mr. Swazo's petition should be dismissed with prejudice for failure to prosecute was error, the court nevertheless concludes the Magistrate Judge's ultimate conclusion was correct, because Mr. Swazo has procedurally defaulted. Mr. Swazo alleges the following in his operative pleading, the amended petition filed October 3, 1991: (1) his guilty plea was not knowing and voluntary because (a) he denied the facts making up the factual basis of his plea during the change of plea hearing, and (b) he was coerced into pleading guilty because his former attorney, Thomas Zollinger, had been elected to the office of the county prosecutor and might disclose certain damaging facts

Mr. Swazo had revealed to Mr. Zollinger if his case proceeded to trial; (2) he received inadequate assistance from his second attorney, Wyatt Skaggs, because Mr. Skaggs did not stop the change of plea hearing once it became apparent the plea was not knowing and voluntary in light of Mr. Swazo's denial of the facts comprising the factual basis of that plea; and (3) Mr. Skaggs rendered ineffective assistance because (a) he failed to file a motion to dismiss the charges in light of Mr. Zollinger's conflict of interest, as described in claim (10, and (b) because Mr. Skaggs failed to advise Mr. Swazo he had a right to appeal his conviction.

Mr. Swazo did not challenge his conviction by filing a direct appeal to the Wyoming Supreme Court. The respondents also contend that Mr. Swazo failed to raise the first and third claims in his state petitions for post-conviction relief, but they concede he raised the second claim. The court agrees Mr. Swazo raised claim (2) in his amended state petition for post-conviction relief. The court also agrees Mr. Swazo failed to raise claim (1)(a). In the Amended Petition for Post–Conviction Relief, Mr. Swazo contended his plea was involuntary because the state court failed to comply with the version of Wyo.R.Crim.P. 15 in effect at the time of the change of plea hearing by adequately inquiring into the factual basis of his plea. Nowhere in the Amended Petition does Mr. Swazo contend the asserted violation of Wyo. R.Crim.P. 15 amounted to a violation of the federal Constitution. Indeed, it is understandable Mr. Swazo did not do so, because the United States Supreme Court has held there is no constitutional requirement the defendant admit the factual basis of his plea or that the evidence supporting the finding there is such a factual basis come from defendant himself. *North Carolina v. Alford,* 400 U.S. 25, 32, 91 S.Ct. 160, 164–65, 27 L.Ed.2d 162 (1970). The court concludes, however, that Mr. Swazo raised claim (1)(b) in his pro se state petition for post-conviction relief. Liberally construed, Mr. Swazo's pro se state petition asserts Mr. Zollinger's conflict of interest amounted to ineffective assis-

tance of counsel in violation of the Sixth and Fourteenth Amendments, the effect of which was to deprive him of any likelihood of acquittal and leave him no choice but to accept a plea bargain. Finally, the court agrees with the respondents' contention Mr. Swazo failed to raise either claims (3)(a) or (3)(b) in either of his state petitions for post-conviction relief.

In light of the above, the respondents contend all the claims Mr. Swazo raises in his federal petition are procedurally defaulted, and draw the court's attention to the Tenth Circuit's decision in *Church v. Sullivan,* 942 F.2d 1501 (10th Cir.1991). In *Church,* the petitioner raised three claims in his direct appeal to the New Mexico Court of Appeals. *Church,* 942 F.2d at 1505. The state court of appeals rejected Mr. Church's claims on the merits and the New Mexico Supreme Court summarily denied certiorari. *Id.* Mr. Church then filed a state petition for a writ of habeas corpus asserting the claims he had raised in the direct appeal and three additional claims. *Id.* The state court rejected all six claims on the merits and the state supreme court again summarily denied certiorari. *Id.* Mr. Church then filed a federal petition for a writ of habeas corpus asserting all six claims. *Id.* at 1506. The Tenth Circuit held the district court erred in concluding two of the claims Mr. Church had raised in his state habeas petition but not in his direct appeal were procedurally barred. *Id.* at 1506–07. The circuit court emphasized that even if the state habeas court should not have addresses the additional claims on the merits given that Mr. Church had failed to raise them on direct appeal, and should have held instead that they were procedurally barred under state law, the fact remained that court actually did address them on the merits. *Id.* at 1507. Its decision to do so, whether right or wrong, could not be second-guessed by the district court, and must be treated as a decision on the merits. *Id.* The circuit court also viewed the state supreme court's subsequent summary denial of certiorari review of the habeas court's decision as a decision on the merits, because it is presumed absent some clear indication to the contrary that where there has been one rea-

soned state judgment rejecting a federal claim, later unexplained orders upholding that judgment rest on the same ground, and therefore the denial of certiorari should be considered a decision on the merits, just as the state habeas court decision was a decision on the merits. *Id.* Accordingly, because the state supreme court had ruled on the merits of Mr. Church's claims, he had satisfied the exhaustion requirement and was not procedurally barred from raising the claims in federal court absent a showing of cause and prejudice. *Id.*

■ There are many similarities between Mr. Swazo's case and Mr. Church's: Like Mr. Church, Mr. Swazo has raised claims in his federal petition, namely claims (1)(b) and (2), that he failed to raise on direct appeal, but which he did raise in a state petition for post-conviction relief. Also, as in *Church,* the state habeas court ruled on the merits of Mr. Swazo's claims for post-conviction relief. However, there is one very ironic distinction between this case and *Church.* In its order denying Mr. Swazo's petition for certiorari review of the state habeas court's denial of his motions for post-conviction relief, the Wyoming Supreme Court did not state the reason for its decision. However, in his dissenting opinion, in which he stated he would have granted certiorari review, former Chief Justice Urbigkit did indeed explain why the Wyoming Supreme Court had done what it did. The lengthy dissent makes it very clear the majority of the Wyoming Supreme Court denied certiorari because Mr. Swazo's claims were procedurally barred under W.S. 7–14–103(a)(i). *See Swazo,* 800 P.2d at 1153. The cited statute provides as follows:

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction.

W.S. 7–14–103(a)(i). Accordingly, in contrast to *Church,* the last state to consider Mr. Swazo's claims (1)(b) and (2) appears to have unequivocally concluded his claims were procedurally barred under state law. Also, as the Tenth Circuit made clear in *Church,* this court is not at liberty to "second-guess" the correctness of the state's interpretation of its procedural bars. *Church,* 942 F.2d at 1507–08. The court therefore concludes claims (1)(b) and (2) in Mr. Swazo's federal petition are procedurally barred.

Furthermore, those claims that Mr. Swazo failed to raise either by a direct appeal or in his state petitions for post-conviction relief, namely claims (1)(a), (3)(a), and (3)(b), are clearly procedurally barred under W.S. 7–14–103(a)(ii), which provides as follows:

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(ii) Was not raised in the original or an amendment to the original petition under this act.

W.S. 7–14–103(a)(ii). Also, the exceptions relating to newly discovered evidence and inadequate assistance of counsel in W.S. 7–14–103(b), by their terms, apply only to the procedural bar prescribed in W.S. 7–14–103(a)(i), and not the procedural bar prescribed in W.S. 7–14–103(a)(ii).

■ When, as in this case, "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims would result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). The respondents have contended throughout this case that some or all of Mr. Swazo's claims are procedurally barred. They repeated their position in its entirety most recently in their Brief Regarding Procedural Default, filed on July 5, 1994. Despite the fact Mr. Swazo has had almost two years to respond to the contentions raised in the July 5, 1994, brief, he has filed no response. Because Mr. Swazo has made no attempt to demonstrate cause and prejudice despite his lengthy opportunity to do so, the court concludes he has failed to sustain this

burden, and that the claims he raised in his federal petition are procedurally defaulted.

For the reasons stated, it is therefore

**ORDERED** that petitioner's objections to the October 12, 1995, report and recommendation are **OVERRULED.** It is further

**ORDERED** the report and recommendation is adopted in whole. It is further

**ORDERED** that the amended petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**