Donald F. REYNOLDS, Petitioner,

v.

Robert HANNIGAN, et
al., Respondents.

No. 95–3559–DES.

United States District Court,
D. Kansas.

May 25, 1999.

Donald Ford Reynolds, Hutchinson, KS, pro se.

Jared S. Maag, Office of Attorney General, Topeka, KS, for Robert D. Hannigan, Warden, Hutchinson Correctional Facility and Attorney General of Kansas, respondents.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter comes before the court on review of Magistrate Judge Walter's Report and Recommendation (Doc. 14) on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed objections to the Report and Recommendation. For the following reasons, the court accepts and adopts the findings and conclusions of the Report and Recommendation.

### I. PROCEDURAL HISTORY

The Report and Recommendation summarized the procedural history of this case as follows:

Petitioner, Donald F. Reynolds, was convicted by a jury of two counts of indecent liberties with a child. *See State v. Reynolds*, 880 P.2d 1291, No. 69,023, slip op. at 2 (Kan.Ct.App. Aug.19, 1994). Reynolds was sentenced 5 to 20 years on each count with the terms to be served consecutively. *See id.* His sentence was enhanced pursuant to K.S.A. 21–4504, making the controlling term 20 to 80 years. *See id.*

Petitioner's conviction stems from an alleged relationship he had with an eleven year old girl, S.R.K. Petitioner, S.R.K., some of S.R.K.'s family and their mutual friends went on a camping trip in

rural Montgomery County. During this camping trip, Reynolds is alleged to have molested S.R.K. on two separate occasions. The first occurred when Reynolds and S.R.K. were alone in a "two-man" boat on the lake. The second incident occurred later that evening when Reynolds entered the tent that S.R.K. was sleeping in and again molested her.

Some months later, S.R.K.'s mother informed police that Reynolds had molested her during the camping trip. S.R.K.'s mother provided to the police a diary written by S.R.K. indicating how S.R.K. disliked Reynolds for touching her. Furthermore, S.R.K. told her mother that Reynolds had told S.R.K. that he was showing her the "facts of life." Upon receiving this information, the police sought and obtained a search warrant of Reynolds' home. The search produced a diary by Reynolds reflecting the same reference to the "facts of life" lesson he had given to S.R.K. Based upon this evidence the police arrested Reynolds and charged him with two counts of indecent liberties with a minor.

Reynolds made his first appearance on the indecent liberties charges on January 7, 1992, where he was arraigned and appointed counsel, Harry M. Bass. One week later, a preliminary hearing was held and Reynolds was bound over for jury trial. On May 15, 1992, Reynolds was tried and convicted of two counts of indecent liberties with a minor.

On July 14, 1992, Reynolds was sentenced. The original sentence was 5 to 20 years per count. This left a base sentence of 10 to 40 years. Because of a prior lewd molestation charge in Oklahoma, Reynolds' sentence was "enhanced" to a controlling term of 20 to 80 years.

Upon conviction, Reynolds appealed to the Kansas Court of Appeals. The Court of Appeals remanded for hearing the issue of whether his appointed attorney [Mr. Bass] was ineffective. On re-

mand, Reynolds identified the following grounds in support of his claim of ineffective assistance of counsel:

1. Defendant's attorney failed to request that the victim be physically or mentally examined, upon the specific request of defendant, which may have provided material evidence concerning the allegations made against the defendant.

2. Defendant's attorney failed to conduct proper discovery of the pending matter and failed to adequately prepare prior to trial.

3. Defendant's attorney failed to object to an improper search of defendant's home and the confiscation of rolls of undeveloped film and negatives.

4. Defendant's attorney failed to conduct adequate voir dire of the prospective jury to determine the acceptability of the jury.

5. Defendant's attorney failed to timely object to the obtaining of diaries.

6. Defendant's attorney failed to view a video tape interview of the victim and object, in proper fashion, the viewing of the video tape by the jury.

7. Defendant's attorney erroneously elicited information concerning the defendant's prior criminal history even if the State did not file a 60–455 motion, which then opened the door for the State to proceed with questions concerning the defendant's selective memory, and allowed the State to destroy the defendant's character and credibility.

8. Defendant's attorney allowed questions to be asked by the State and certain inferences made concerning two convictions of lewd molestation in his past when there was only one such conviction.

9. Defendant's attorney failed to object on numerous occasions concern-

ing the testimony of the victim and her truthfulness.

10. Defendant's attorney did not review the testimony of the defendant with him prior to his testifying at trial.

11. Defendant's attorney failed to adequately cross examine witnesses during trial, specifically the victim.

12. Defendant's attorney failed to object when the State elicited questions concerning the defendant's father.

13. Defendant's attorney failed to develop the defense of voluntary intoxication during the case in chief and only raised the question when the Court was examining instructions to the jury.

14. Defendant's attorney failed to explain the ramifications of the Habitual Criminal Act or the potential for enhancement of the sentence.

15. Defendant's attorney failed to present any argument on the defendant's behalf at the sentencing.

With the assistance of another appointed counsel, Garen Cox, Reynolds presented the fifteen issues at the remand hearing. On November 17, 1993, Judge Canaday, in a written Memorandum Decision, reviewed the fifteen grounds and held petitioner was not denied the effective assistance of counsel.

Reynolds then appealed Judge Canadays decision to the Kansas Court of Appeals. On appeal, Reynolds again asserted he was denied the effective assistance of counsel at trial. The Kansas Court of Appeals addressed claims that Bass was ineffective by (1) not providing adequate information regarding the admission of his prior criminal record, (2) not providing adequate information regarding the admission of character evidence, (3) not viewing the videotaped interview of S.R.K. prior to trial or objecting to its admission during trial, (4) not moving to suppress or otherwise ensure that the undeveloped film negatives were not admitted into evidence, (5) not objecting to a police officer's testimony about the characteristics of pedophilia, (6) not objecting to a police officer's testimony about S.R.K.'s truthfulness, (7) not having two members of the jury removed, (8) not objecting to ex parte communication that occurred between the judge and jury, (9) requesting an instruction on involuntary intoxication, (10) not objecting to an improperly worded jury instruction, and (11) not mentioning the possibility of his sentence being enhanced due to his prior conviction. *See State v. Reynolds*, 880 P.2d 1291, No. 69,023, slip op. at 3–17 (Kan.Ct.App. Aug.19, 1994).

The Court of Appeals found two of Reynolds' claims (counsel's failure to challenge Donald Randles as a juror and counsel's failure to object to the ex parte communication) were not raised during the remand hearing and therefore could not be raised for the first time on appeal. *See id.* at 13, 14. The remaining allegations, the court held, did not rise to the level of ineffective assistance of counsel. *See id.* at 19. The Kansas Supreme Court denied Reynolds' petition for review.

In his federal petition for a writ of habeas corpus, Reynolds reasserts eight grounds in support of his trial counsel's ineffectiveness. (*See* Memorandum of Law, at p. 25, attached to Doc. 2).

After discussing the relevant case law and the arguments of the petitioner, Magistrate Judge Walter concluded that petitioner was not denied effective assistance of counsel. Therefore, Magistrate Judge Walter recommended that petitioner's habeas corpus petition be dismissed and all relief denied.

## II. STANDARD OF REVIEW

The standard for district court review of a magistrate judge's report and recommendation is contained in Rule 72 of the Federal Rules of Civil Procedure and 28

U.S.C. § 636(b)(1)(C). Rule 72(b) provides, in relevant part, as follows:

The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b). As stated in the rule, the district court must make a *de novo* determination regarding the portions of the report and recommendation to which objections have been filed. *Id.*

## III. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

■ The Sixth Amendment guarantees criminal defendants the right of effective assistance of counsel. *See generally Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish an ineffective assistance of counsel claim, the petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced [his] defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. In order to show "that counsel's performance was deficient," the petitioner must show that his attorney's conduct fell outside the wide range of competence demanded of an attorney in a criminal case. *See United States v. Carr,* 80 F.3d 413, 417 (10th Cir.1996). In order to show "that the deficient performance prejudiced his defense," the petitioner must show that there is a "reasonable probability that, but for the alleged errors, the result of the proceedings would have been different." *Strickland,* 466 U.S. at 695, 104 S.Ct. 2052.

■ In addition to creating the two-prong test in *Strickland,* the Court also established general guidelines for evaluating ineffective assistance of counsel claims. Judicial scrutiny of counsel's performance should be done in a "highly deferential" manner that "eliminate[s] the distorting effects of hindsight," and starts with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 688–89, 104 S.Ct. 2052.

## IV. DISCUSSION

■ The court has reviewed the Report and Recommendation filed by Magistrate Judge Walter and the Objections to the Report and Recommendation filed by the petitioner. The first objection to the Report and Recommendation is that Magistrate Judge Walter incorrectly determined the defendant was not afforded ineffective assistance of counsel by his trial attorney giving him improper advice during plea negotiations. The petitioner claims that his attorney was ineffective because he failed to inform the petitioner that the Habitual Criminal Act could be invoked, which would increase the petitioner's sentence. Magistrate Judge Walter addressed this issue at page ten of the Report and Recommendation and determined that the petitioner was unable to show that "but for" counsel's incomplete advice, he would have accepted the plea agreement. *See United States v. Carter,* 130 F.3d 1432, 1442 (10th Cir.1997) (discussing the test to be used for ineffective assistance of counsel claims concerning plea negotiations). This finding was based, in part, on the fact that the petitioner was aware that his sentence may be doubled if he was convicted of this crime. The court finds that the Report and Recommendation adequately and correctly determined this issue. The court will, therefore, adopt Magistrate Judge Walter's findings on this issue.

■ The next objection the petitioner raises to the Report and Recommendation concerns the admission of testimony regarding the petitioner's prior criminal convictions and evidence regarding the petitioner's character. At the petitioner's criminal trial, his attorney asked him about his prior conviction for lewd moles-

tation in Oklahoma. The petitioner claims that this evidence would not have been admitted at trial if his attorney had not asked him about it because the government had failed to file a motion to admit this evidence under Kan. Stat. Ann. § 60–445.

The petitioner's argument that the prior convictions would not have been admitted at trial if the defense had not opened the door appears to be incorrect. It is clear from the record the defendant was determined to testify at trial and present character witnesses in his defense. One of these witnesses testified that she felt completely comfortable leaving her young daughter alone with the petitioner. This witness was asked by the prosecutor on cross-examination if she was aware of the petitioner's prior conviction for child molesting in Oklahoma. The witness indicated that she was not aware of this conviction and that her answer about leaving the petitioner alone with her daughter would have been different had she known about the conviction. Although it is true that Kan. Stat. Ann. § 60–455 would have prevented the state from introducing the prior convictions in its case-in-chief, the evidence would undoubtedly have come in on the cross examination of the petitioner's character witnesses, even if defense counsel had not opened the door to the introduction of the evidence.

The decision to bring the defendant's prior criminal convictions out during his direct examination was reasonable trial strategy on the part of his trial attorney. If character witnesses were going to be put on the stand in the defendant's defense, the issues of the prior convictions would almost certainly have been brought out by the prosecutor. The court finds that the defense attorney's decision to introduce the prior convictions did not amount to ineffective assistance of counsel.

In the Report and Recommendation, Magistrate Judge Walter determined that the introduction of the convictions during direct examination of the petitioner, even if improper, was not sufficient to establish a claim for ineffective assistance of counsel. As pointed out by Magistrate Judge Walter, there was ample evidence presented at the petitioner's criminal trial for the jury to have convicted him of the charges, even if the evidence of his prior criminal conviction had not been introduced into evidence. The petitioner must be able to show "a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different." *Strickland* 466 U.S. at 695, 104 S.Ct. 2052 (1984). Given the facts of this case, the court finds that the petitioner cannot meet this requirement, and therefore adopts the findings in the Report and Recommendation filed by Magistrate Judge Walter in this case.

■ The petitioner next objects to Magistrate Judge Walter's findings concerning the failure of his attorney to seek suppression of numerous pictures and admission of several items of evidence taken from his home following a search warrant, including his diary. The petitioner claims that these items should not have been discussed at trial or introduced into evidence. Magistrate Judge Walter found that the failure of petitioner's attorney to file a motion to suppress these items did not prejudice the petitioner in any way. The photographs were not introduced into evidence and were mentioned only in passing by one of the witnesses. The court adopts the findings of Magistrate Judge Walter on this issue and finds that there was no prejudice to the petitioner by his attorney failing to file a motion to suppress these items.

■ The petitioner also claims that his attorney should have objected at trial when the pictures were mentioned. At the hearing in state court on the issue of ineffective assistance of counsel, the petitioner's attorney stated that he did not object to the mention of these photographs because he did not want the jury to think the petitioner had something to hide. Magistrate Judge Walter, as well as both

state appellate courts, found that this decision was reasonable trial strategy on the part of the defense not to draw any additional attention to the photographs. The court agrees with these findings and finds that the failure to object to the mention of the photographs is no basis for an ineffective assistance of counsel claim. The court, therefore, adopts the findings of Magistrate Judge Walter in the Report and Recommendation as to the issue of the discussion of the pictures taken from the petitioner's home.

The petitioner also objects to Magistrate Judge Walter's findings concerning the failure to remove Earl Jay from the jury. It appears that Mr. Jay served on the Montgomery County Sheriff's Reserve and was "familiar" with some of the officers who had investigated the crime. The defendant claims that these facts necessarily show bias and that the juror should have been excluded from the jury. The petitioner does not cite to any specific facts or legal authority that shows Mr. Jay should have been excluded from the jury. A review of the transcript from the trial shows that Mr. Jay indicated that he could be a fair and impartial juror in the case. Magistrate Judge Walter properly determined that the petitioner had not shown any basis for granting his motion on this issue.

▆ The petitioner also objects to Magistrate Judge Walter's rejection of his claims concerning the selection of Donald Randles on the jury and certain ex parte communications between the judge and the jury. Magistrate Judge Walter found that these claims were barred because the Kansas courts refused to hear them based on a procedural bar. *See Swazo v. Shillinger*, 932 F.Supp. 1350, 1354 (D.Wyo.1996) (holding that a federal court is without authority to address a claim if the last state court reviewing the claim refused to address it based on a procedural bar).

The court finds that these issues were properly decided by Magistrate Judge Walter. The petitioner's objections do not address the issue of a procedural bar to the claims, but rather only address the merits of the claims. The court adopts the reasoning of the Report and Recommendation on these issues.

Next, the petitioner objects to Magistrate Judge Walter's findings concerning the jury instructions given at the petitioner's trial. The defendant objects to the request by his attorney that a "voluntary intoxication" instruction be given and the failure by his attorney to object to two improperly worded instructions. Magistrate Judge Walter found that the inclusion of the intoxication instruction was reasonable trial strategy. The Report and Recommendation does not address the issue of the two improperly worded instructions.

The petitioner claims that his trial attorney failed to properly develop the defense of voluntary intoxication before requesting an instruction on the defense. The court finds that requesting the voluntary intoxication instruction did not amount to ineffective assistance of counsel. Upon reviewing the transcript of the trial, the court has determined that the petitioner's trial counsel had attempted to develop the defense of voluntary intoxication. Nearly every witness at the trial was questioned concerning the amount of alcohol the defendant had consumed prior to the time the alleged acts occurred. The decision to request an instruction on voluntary intoxication was reasonable trial strategy on the part of the petitioner's attorney, and is not sufficient to establish a claim of ineffective assistance of counsel.

The petitioner also claims that two of the instructions given at his trial wore improperly worded. The Kansas Supreme Court found that these claims were procedurally barred because they had not been raised at the hearing on ineffective assistance of counsel. As stated earlier, when a state court refuses to hear a claim because it was procedurally barred, the federal courts should find the claim barred as well. *See, Swazo*, 932 F.Supp. at 1354.

**1156**

■ In the objections to the Report and Recommendation, the petitioner notes that several issues raised in his petition were not discussed by Magistrate Judge Walter. The first of these issues concerns his trial attorney's failure to view the videotaped statement made by the victim prior to trial and failure to properly object to the videotape when it was played at trial. The petitioner claims that the victim made several statements on the videotape that were inconsistent with statements made at trial, which could have been used to impeach her testimony. In addition, the petitioner claims that the videotape should not have been admitted into evidence. The court finds that although the petitioner's counsel's conduct may have been improper, the petitioner cannot show that but for the failure to view the tape prior to trial and the failure to object to the admission of the tape into evidence the outcome of the trial may have been different. Therefore, the petitioner's argument does not meet the "prejudice prong" of the test set out in *Strickland* and is no basis for relief.

The petitioner also argues that the Report and Recommendation did not address the questions which were asked about the petitioner's natural father. At the trial, the prosecutor began asking the petitioner questions about his father's criminal history on cross examination. The petitioner's counsel did object to the questions and the court ordered the prosecutor to go on to a different line of questioning. The questions that were asked and answered by the petitioner before his counsel objected were not sufficiently prejudicial to the petitioner's case so as to give rise to an ineffective assistance of counsel claim.

The petitioner next argues that the Report and Recommendation did not address "the request made by the petitioner to counsel requesting that the victim be given a physical or mental examination, which may have provided material evidence concerning the allegations made against the defendant." The court has reviewed the record and found that this issue was not raised by the petitioner at the state court level. Therefore, the court finds that the petitioner has failed to exhaust his state court remedies on this issue and this claim is procedurally barred.

The petitioner next argues that there was nothing in the Report and Recommendation which addressed the issues of his attorney not conducting proper discovery and not adequately preparing for trial. The court has reviewed the record and determined that this issue was not raised by the petitioner at the state court level. Therefore, this petitioner has failed to exhaust his state court remedies on this issue and this claim is procedurally barred as well.

■ The petitioner further contends that the report and recommendation failed to address the failure of his attorney to object at trial to several references to two prior convictions for child molestation. The record shows that the prosecution did refer to two prior convictions for child molestation during the petitioner's trial. The petitioner apparently entered into a plea agreement in Oklahoma where he pled guilty to one count of child molestation in exchange for the dismissal of a second count. Therefore, it is clear that the prosecutor did misstate the petitioner's prior record. It is also clear that the petitioner's trial counsel did not object to the mention of two convictions, when in fact only one such conviction existed.

The petitioner must be able to show that these errors prejudiced his right to a fair trial. The court finds that he is unable to meet this requirement. Although the petitioner and other witnesses were asked about two prior convictions, there was no evidence of a second conviction. The defendant denied every allegation concerning a second victim in Oklahoma and the government introduced the journal entry of the conviction which would clearly show that there was only a conviction of one count of child molestation. Given the evidence against the petitioner, the mention of a second conviction for child molestation

did not have any prejudicial effect on the petitioner's trial. Therefore, the court finds that the failure to object to this line of questioning does not amount to ineffective assistance of counsel.

 The next issue raised by the petitioner that was not addressed by the Report and Recommendation concerns the failure by his attorney to object to questions concerning the truthfulness of the victim's testimony and out of court statements. Although these questions may have been improper, the court finds that they were not sufficiently prejudicial for the court to find the failure to object to them amounted to ineffective assistance of counsel. The victim's credibility was established by more than just the statements made on the witness stand by a sheriff's deputy and the victim's mother. Much of the victim's testimony was corroborated by the videotape statement she gave to the authorities and the contents of the defendant's diary. The petitioner cannot show that but for the questions about the victim's veracity, the outcome of the trial may have been different. Therefore, this claim is no basis for a finding of ineffective assistance of counsel.

 The petitioner next addresses the issue of his attorney's failure to review the testimony of the petitioner prior to trial. The petitioner does not indicate how the failure to do so may have prejudiced his case. The petitioner apparently is asking the court to rule that the failure to review testimony with a criminal defendant is *per se* ineffective assistance. The court is unwilling to create such a rule. The court has been unable to determine how the failure to review the petitioner's testimony with the petitioner could have affected the petitioner's criminal case. Therefore, the court finds that it is no basis for an ineffective assistance of counsel claim.

The court has determined that the objections to the Report and Recommendation are without merit. All of the arguments raised by the objections were either addressed and correctly decided by Magistrate Judge Walter in the Report and Recommendation or would have no impact on the outcome of the case. Upon reviewing the objections, the court has found no basis for rejecting or modifying the Report and Recommendation.

**IT IS THEREFORE BY THE COURT ORDERED** that the Report and Recommendation is accepted and adopted. Petitioner's habeas corpus petition is dismissed and all relief is denied.