FILED
United States Court of Appeals
Tenth Circuit

August 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

XEZAKIA ROUSE,

        Petitioner - Appellant,

v.

ANTHONY ROMERO,

        Respondent - Appellee.

No. 13-2121

(D. N.M.)

(D.C. No. 1:11-CV-00405-JCH-SMV)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and applicant, Xezakia Rouse, proceeding *pro se*, seeks a

certificate of appealability ("COA") to enable him to appeal the dismissal of his

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order may be cited under the
terms and conditions of 10th Cir. R. 32.1.

28 U.S.C. § 2254 petition for failure to exhaust state remedies. Finding that he has failed to meet the requirements for the issuance of a COA, we deny him a COA and dismiss this appeal.

Mr. Rouse pled no contest in state court and was found guilty of unlawfully taking a motor vehicle, a third degree felony, in March 2011. He was further found to be an habitual offender and was sentenced to seven years' imprisonment, with three of the years suspended. Mr. Rouse apparently pursued neither a direct appeal nor any state post-conviction remedies.[1]

Mr. Rouse then filed the instant 28 U.S.C. § 2254 petition on May 5, 2011. Respondent argued simply that the petition should be dismissed because Mr. Rouse failed to exhaust his state court remedies. The magistrate judge to whom the matter was referred issued proposed findings and a recommended disposition, concluding that the case should be dismissed on its merits, without making any ruling on exhaustion. Then, on March 6, 2012, the district court adopted the proposed findings and dismissed the case with prejudice. On appeal, our court granted a COA on two claims alleging ineffective assistance of counsel and denied a COA on Mr. Rouse's other claims.[2] After Respondent sought a remand

---

[1]Mr. Rouse claims that he attempted, *pro se*, to file a direct appeal, but his appeal was never docketed because it was not notarized.

[2]The two ineffective assistance of counsel claims on which our court granted a COA were Mr. Rouse's claim that his trial counsel was ineffective for failing to honor his (Mr. Rouse's) request to appeal his conviction, and for failing

(continued...)

-2-

for a "hearing and consideration of the state court record," our court granted the uncontested remand. Respondent supplemented the record and, after further proceedings, the magistrate judge ultimately recommended that the case be dismissed because Mr. Rouse had failed to exhaust his state court remedies on the two ineffective assistance of counsel claims because he had failed to present them to the New Mexico Supreme Court.

Mr. Rouse filed objections[3] to the magistrate judge's proposed findings. The district court subsequently dismissed Mr. Rouse's case without prejudice, finding that he had not met his burden of showing that his ineffective-assistance-of-counsel claims were exhausted. The court also denied all of Mr. Rouse's other motions and requests. This request for a COA to allow an appeal followed.[4]

"A COA is a prerequisite to appellate jurisdiction in a habeas action." Lockett v. Tramel, 711 F. 3d 1218, 1230 (10th Cir. 2013). It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected . . .

---

[2](...continued)
to pursue an argument that the charge against him should be dismissed for failure to comply with the Interstate Agreement on Detainers Act.

[3]We note that the district court observed that, along with Mr. Rouse's objections, he also "[t]rue to form, . . . filed a slew of unnecessary and repetitive documents, which have done nothing but increase the delay in this case." Mem. Op. & Order at 4 n.5.

[4]It appears that the district court did not address the issue of the availability of a COA. Mr. Rouse has, nonetheless, sought a COA in our court.

constitutional claims on the[ir] merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a district court's ruling rests on procedural grounds, the applicant must prove both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012).

The district court carefully and thoroughly explained why Mr. Rouse's case must be dismissed for failure to exhaust. It explained the exhaustion requirement and correctly applied it to Mr. Rouse's case. We cannot improve on the district court's explanation and analysis.[5] Mr. Rouse has failed to develop any ground for disagreeing with or questioning that court's discussion, reasoning and holding. We therefore agree with the district court that, for substantially the reasons stated by the court in its order of dismissal, Mr. Rouse has failed to establish that he is entitled to the issuance of a COA.

---

[5]We only note that no one, including the district court, specifically addressed the issue of anticipatory default. See Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). As we explained, "'[a]nticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." Id. (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

For the foregoing reasons, we DENY Mr. Rouse a COA and DISMISS this matter. We also DENY all pending motions, including Mr. Rouse's motion for release on personal recognizance without surety.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge