FILED
United States Court of Appeals
Tenth Circuit

March 12, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

XEZAKIA ROUSE,

      Petitioner - Appellant,

v.

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

      Respondent - Appellee.

No. 14-2212
(1:13-CV-01246-JCH-GBW)
(D. N.M.)

# ORDER DENYING A CERTIFICATE OF APPEALABILITY AND DISMISSING THE APPEAL

Before **KELLY**, **ANDERSON**, and **BACHARACH,** Circuit Judges.

This appeal grew out of an application for habeas relief by Mr. Xezakia Rouse. In the application, Mr. Rouse challenged his underlying conviction based on two claims of ineffective assistance of counsel, alleging failures to appeal and to urge dismissal of the charges based on violation of the Interstate Agreement on Detainers Act. The district court dismissed the application without prejudice, holding that the ineffective assistance claims had not been exhausted in state court.

Mr. Rouse requests a certificate of appealability to appeal the denial of habeas relief. Because no reasonable jurist would find the claim exhausted, we hold that Mr. Rouse is not entitled to a certificate of appealability. Thus, we dismiss the appeal.

## I.     Standard for a Certificate of Appealability

To appeal, Mr. Rouse needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). For the certificate, Mr. Rouse must show that reasonable jurists could find the district court's ruling on exhaustion debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## II.     Exhaustion of State Court Remedies

Federal law requires exhaustion of state court remedies. 28 U.S.C. § 2254(b)(1)(A). To exhaust the claims, Mr. Rouse must "fairly present" the substance to the state's highest court, giving it a fair opportunity to decide the merits. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

In a prior habeas case, the district court held that the same two issues were unexhausted. *Rouse v. Romero*, No. 11-cv-405-JCH/SMV (D. N.M. June 25, 2013) (Dkt. 157) (unpublished). We dismissed a later appeal, holding that the district court's ruling on exhaustion was not reasonably debatable. *Rouse v. Romero*, 531 F. App'x 907 (10th Cir. 2013) (unpublished).

Since this ruling, Mr. Rouse filed a new habeas petition in the state supreme court. But, he did not allege ineffective assistance of counsel

2

based on the attorney's failure to appeal or to invoke the Interstate Agreement on Detainers Act. The New Mexico Supreme Court later denied relief, but had no reason to address the ineffectiveness claims involving the failure to appeal or invoke the Interstate Agreement on Detainers Act. Thus, Mr. Rouse has not presented the ineffective assistance claims to the state supreme court since our determination that the claims were unexhausted.

In these circumstances, we again conclude that reasonable jurists could not debate the correctness of the district court's holding on exhaustion. Accordingly, we decline to issue a certificate of appealability and dismiss the appeal.

Entered for the Court

Robert E. Bacharach
For the Court

3