UNITED STATES COURT OF APPEALS

August 17, 2010

TENTH CIRCUIT

TIMOTHY JAMES HARVEY,

      Petitioner - Appellant,

v.

MIKE ADDISON, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents - Appellees.

No. 10-6089
(D.C. No. 10-CV-00008-C)
(W.D. Okla.)

## ORDER
## DENYING CERTIFICATE OF APPEALABILITY

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Timothy James Harvey, a state inmate proceeding pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order dismissing his petition for a writ of habeas corpus as untimely. To obtain a COA, Mr. Harvey must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Because Mr. Harvey has not made the requisite showing, we deny a COA and dismiss the appeal.

On April 4, 2006, Mr. Harvey pled guilty in Oklahoma state court to two counts of sexual abuse of a child, and two counts of unlawful possession of

controlled substances with intent to distribute. R. 3, 139. Mr. Harvey received sentences of twenty-five years' imprisonment on each count, to be served concurrently. Id. at 3. Mr. Harvey did not directly appeal his convictions, but instead filed a state application to pursue an out-of-time appeal on March 11, 2009. Id. at 3, 139. The state district court denied the application in April 2009, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed in July 2009. Id. at 4-5, 140.

Filed January 4, 2010, Mr. Harvey's federal habeas petition raised six grounds for relief, including ineffective assistance of counsel. Id. at 3-12. In his petition, Mr. Harvey argued that the one-year statute of limitations should not bar his petition because: (1) he did not learn that he would have to serve 85% of his sentence to be eligible for parole until the publication of an OCCA decision on May 4, 2007; (2) his trial counsel would not file a direct appeal; and (3) his prison legal resources are inadequate (the law library "is restricted to next to no time," the library staff cannot provide legal assistance, and the prison discourages jailhouse lawyering). Id. at 11.

The magistrate judge found Mr. Harvey's petition untimely, as it was filed more than three years after his state judgment became final. Id. at 141-43. The magistrate did not find the petition eligible for either statutory or equitable tolling. Id. at 143-47. Over Mr. Harvey's objections, the district court adopted the magistrate's report and recommendation and dismissed the petition as

untimely.  Id. at 149-59.

In his application for a COA and accompanying brief, Mr. Harvey essentially restates his objections to the magistrate judge's report.  He argues that his deprivation of effective trial counsel was a procedural default attributable to the state, and thus a state-created impediment which tolls AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(1)(B).  Pet. Br. at 2-7 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Jackson v. Shanks, 143 F.3d 1313, 1318-19 (10th Cir. 1998); Breechen v. Reynolds, 41 F.3d 1343, 1343, 1363-64 (10th Cir. 1994); Osborn v. Shillinger, 861 F.2d 612, 622-23 (10th Cir. 1988)).  Further, Mr. Harvey argues that the "deni[al of] access to the prison law library" and "'meaningful legal assistance' from prison law clerks" are also defaults attributable to the state.  Id. at 2.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Reasonable jurists cannot debate the correctness of the district court's procedural ruling for several reasons.  At the threshold, we barely recognize Mr. Harvey's § 2244(d)(1)(B) argument in his original habeas petition or brief: the introduction to the brief accompanying the petition claimed that Mr. Harvey "was

prevented from filing his action by actions of the State and that the impediment created by State action is in violation of the Constitution . . . ," without any further elaboration. Id. at 18. Generally, "theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). Indeed, besides Mr. Harvey's late discovery that he would have to serve 85% of his sentence to be eligible for parole, the magistrate found that Mr. Harvey had "not alleged anything else to suggest" that § 2244(d)(1)(B) applies to his petition. R. 142. Nonetheless, even if we give Mr. Harvey's petition a most liberal construction, look past "confusion of various legal theories," and review the petition for "sufficient facts on which a recognized legal claim could be based," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), he is not entitled to a COA.

First, the district court did not rely on any state procedural default in dismissing the petition, but rather the federal statutory time bar under § 2244(d). The bulk of the legal argument and citations in the COA brief applies to situations in which state courts deem a claim procedurally barred for some reason, like failure to raise the claim on direct appeal. See Jackson, 143 F.3d at 1317-18. Federal courts typically do not review such "procedurally defaulted" issues, id.; Hammon v. Ward, 466 F.3d 919, 925 (10th Cir. 2006), but may excuse the bar where one of the defaulted claims alleged ineffective assistance of appellate counsel. Hammon, 466 F.3d at 926. Because the district court's dismissal did not

- 4 -

depend on a state procedural bar, this line of cases is inapposite.

Second, Mr. Harvey has not shown how the allegedly deficient library facilities and law clerks constituted a state-created impediment, in violation of the Constitution, to filing a timely habeas petition. The Constitution does not guarantee prisoners "an abstract, freestanding right to a law library or legal assistance," but only a "right of *access to the courts*." Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To establish a violation of the constitutional right to access to the courts, Mr. Harvey must allege with some specificity how the state actually hindered his access "and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (citing Lewis, 518 U.S. at 349-50). Mr. Harvey has not provided anything more than generalized allegations of restricted access. Further, as the magistrate observed, Mr. Harvey did not diligently pursue his claims: he "became aware of the 85% requirement in May 2007," but did not file his federal petition for another two-and-a-half years. R. 142.

Finally, we do not review the district court's findings regarding statutory tolling under § 2244(d)(1)(A), (D), or equitable tolling because Mr. Harvey abandoned those issues in his COA application and brief. See Pet. Br. at 6-7; cf. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Because Mr. Harvey has not shown that the statute of limitations was tolled under § 2244(d)(1)(B), reasonable jurists could not debate the district court's dismissal for untimeliness.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge