**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY P. FRYE,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive
Director, CDOC; JOHN SUTHERS,
The Attorney General of the State of
Colorado,

     Respondents - Appellees.

No. 13-1356
(D.C. No. 1:12-CV-00722-RBJ)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

     Petitioner Gregory P. Frye seeks a certificate of appealability ("COA") to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Frye v. Clements, No. 12-CV-00722, 2013 WL 50431 (D. Colo. Jan. 3, 2013); Frye v. Clements, No. 12-CV-00722, 2013 WL 4106459 (D. Colo. Aug. 13, 2013). We deny a COA and dismiss the appeal.

Background

     On August 20, 2008, Mr. Frye pleaded guilty in Colorado state court to

charges of second degree kidnaping (No. 07CR4329) and second degree assault with a deadly weapon (No. 07CR4363) and was sentenced to 12- and 16-year consecutive sentences as agreed.

Mr. Frye admitted attacking his wife on two occasions and driving her from Colorado to Kansas against her will. He was charged with, among other offenses, first degree murder, second degree kidnaping, first degree burglary, second degree assault with a deadly weapon, felony menacing, and a habitual-criminal sentence enhancer. 1 R. 51-53, 76-78.

Prior to trial, Mr. Frye's appointed counsel moved to introduce evidence of marital discord. 2 (07CR4363) R. 26.[1] Counsel sought to introduce evidence that Mr. Frye was under the influence of Christian pastors who counseled that his marital problems were caused by "spiritual warfare." Id. This counseling led Mr. Frye to believe "Satan's demons were attacking him more intensely than usual due to his Christian marriage." Id. It was under this "mental and spiritual state" that Mr. Frye committed the charged offenses. Id.

Basing Mr. Frye's defense on "spiritual warfare," counsel sought permission to inquire into jurors' religious beliefs in voir dire, introduce expert testimony on spiritual warfare, instruct the jury that they may consult their

---

[1] Volume 2 of our record is the record proper on CD containing the trial record of Mr. Frye's two cases. The "Trial Court Files" are contained in two folders, "07CR4329" and "07CR4363" within the "Court File" folder. Citations to volume 2 of our record distinguish between these two folders accordingly.

- 2 -

religious beliefs, and argue in closing that "Mr. Frye's acts were not voluntary but were the result of demonic attacks designed to frustrate his devout Christian pursuits." Id.

The trial court declined. It noted that it was not clear what role "spiritual warfare" would play at trial, given that Mr. Frye had declined to pursue an insanity defense. Id. at 130. In a letter, appointed counsel urged Mr. Frye to accept a plea deal from the state for an 8-year prison term, pointing out that the defense had no evidence that Mr. Frye suffered from a mental disease or defect and therefore would "not be able to argue the spiritual warfare defense in the guise of an insanity defense." Id. at 93. Mr. Frye rejected this assessment; he moved to substitute his appointed counsel in favor of a "Christian attorney" who shared his "views on spiritual matters." 2 (07CR4329) R. 81. The trial court found that counsel's decisions were strategic and ordered Mr. Frye to proceed with appointed counsel or pro se. Mr. Frye chose the latter.[2]

Nearing trial, Mr. Frye again sought to introduce evidence of "spiritual warfare" and "demonic influence" to "negate the mental culpability elements of the charges." Aplt. Br. 2. The court again rejected this line of defense. On August 20, 2008—three days into trial—Mr. Frye stopped the proceedings and entered into a plea agreement stipulating to a 28-year sentence, dismissing other

---

[2] The court appointed advisory counsel because Mr. Frye discharged the public defenders' office. 2 (07CR4329) R. 90.

counts, and dismissing two other cases. 1 R. 59-60; 85-86.

Thereafter, in November 2008, Mr. Frye filed for postconviction relief under Colo. R. Crim. P. 35(c); the trial court denied this motion without hearing. Id. at 103. In January 2009, Mr. Frye filed a notice of appeal, seeking both direct review of his guilty plea and the denial of his postconviction motion. Id. While appeal was pending, Mr. Frye moved the appellate court for "Conflict-Free Counsel," arguing that his appointed appellate counsel refused to prosecute the appeal according to his wishes. 1 R. 233-34. The court of appeals ordered him to proceed with appointed counsel or pro se. Mr. Frye again chose the latter. 1 R. 115, 149. Because his notice of appeal fell outside the time limit for direct appeal, the direct appeal was dismissed as untimely. Id. at 110. However, the trial court's denial of Mr. Frye's 35(c) motion was affirmed. Id. at 114. See People v. Frye, No. 09CA0073, 2011 WL 1419645 (Colo. Ct. App. Apr. 14, 2011). The Colorado Supreme Court denied certiorari. Frye v. People, No. 11SC288, 2011 WL 3567470 (Colo. Aug. 15, 2011).

In September 2011, Mr. Frye filed a second postconviction motion, which the state trial court denied. Aplt. Br. 2. Mr. Frye then mailed a notice of appeal, which apparently was not received by the court of appeals, though the trial court and attorney general's office received a copy. Frye, 2013 WL 4106459, at *2.

In his combined opening brief and COA application, Mr. Frye raises the following claims:

- 4 -

1. The trial court denied him due process by proscribing the presentation of certain witnesses and evidence in his defense;

2. The trial court denied him the effective assistance of counsel by not replacing his appointed counsel, who was conflicted and ineffective;

3. The trial court constructively denied him the effective assistance of counsel by giving him only two months to prepare his pro se defense;

4. The trial court accepted an unconstitutional guilty plea, in that his plea was entered into involuntarily and under coercion;

5. The prosecution breached its initial plea agreement by increasing the stipulated sentence;

6. The trial court denied him due process by summarily denying his first postconviction motion without a hearing;

7. The state court of appeals erred by not finding good cause or excusable neglect for the untimeliness of his direct appeal;

8. The federal district court erred by not finding cause and prejudice for his various procedural defaults.

Aplt. Br. 5. Mr. Frye raised additional claims in his initial § 2254 petition:

- He was denied his right to a speedy trial;

- He was denied disclosure of exculpatory evidence;

- His plea was obtained by threat of charges not justified by the evidence;

- The trial court summarily dismissed his second 35(c) petition as time barred;

- The state court of appeals denied his right to counsel by refusing to replace appointed appellate counsel, instead ordering him to proceed with appointed counsel or pro se;

- Both the state court of appeals and trial court failed to respond to

pleadings regarding the denial of his section 35(c) petition.
1 R. 12-15. Considering Mr. Frye's § 2254 petition, the district court found most of his claims either procedurally barred or not cognizable in habeas. Frye, 2013 WL 50431, at *10; Frye, 2013 WL 4106459, at *5. The court denied Mr. Frye's petition on the merits of the exhausted portion of the fourth claim he presents here. Frye, 2013 WL 4106459, at *9-10.

## Discussion

In order for this court to grant a COA, Mr. Frye must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. Frye must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Mr. Frye cannot rely upon claims not contained in his district court habeas petition. See Parker v. Scott, 394 F.3d 1302, 1327 (10th Cir. 2005).

Like the district court, we must defer to the state court proceedings on these claims unless they "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2).

To grant habeas relief to a person in state custody, a federal court must be assured that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A federal court may not, however, find a claim unexhausted where there is no longer an adequate and effective state remedy available. Id. at § 2254(b)(1)(B)(i). We may deny a claim on the merits even absent exhaustion. Id. at § 2254(b)(2). In addition to unexhausted claims, claims that have been procedurally defaulted—claims denied on adequate and independent state law grounds—generally may not be reviewed. Wainwright v. Sykes, 433 U.S. 72, 81 (1977). A habeas petitioner may only overcome procedural default by showing either "cause" and "actual prejudice," or that he was "actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998).

A. COA Claims

*Claim 1.*

Mr. Frye argues that the trial court denied him due process by ruling that "'spiritual warfare' would not be a permissible defense to negate the mens rea elements of the charges." Aplt. Br. 3. It was only after the court refused to permit Mr. Frye to "'backdoor' a mental health defense," 1 R. 13, that he elected to abandon his defense and plead guilty, Aplt. Br. 7. In his fourth COA claim,

Mr. Frye argues that his guilty plea was invalid because, "divested of the ability to defend" himself, he involuntarily agreed to the State's 28-year plea deal. Id. at 11.

In its first order, the district court found that, because Mr. Frye argued the invalidity of his guilty plea to the Colorado Court of Appeals, the argument that the trial court's evidentiary rulings had a coercive effect was exhausted. Frye, 2013 WL 50431, at *5. In its second order, the district court denied this claim on the merits. Frye, 2013 WL 4106459, at *10.

Mr. Frye did not present the district court with the claims he presents here. In his COA application, he argues that the exclusion of "spiritual warfare" evidence violated his "right to present a defense" and relieved the "State of its burden of proof." 1 R. 6-7. Because we find no similar contentions in his district court habeas petition, we will not address them here. Parker, 394 F.3d at 1327. To the extent he is arguing that the evidentiary rulings coerced his guilty plea, the state court's resolution of the voluntariness of the plea is not an unreasonable application of federal law. See Frye, 2013 WL 4106459, at *9-10.

*Claim 2.*

Mr. Frye argues that the trial court violated his Sixth Amendment rights by not appointing "Christian counsel" who could correctly translate his claims of "spiritual warfare" into terms negating mens rea. Aplt. Br. 8. Because the trial court erroneously found these differences to be "strategic," Mr. Frye argues that

his "waiver of counsel was invalid" and he was denied effective assistance of counsel. Id. at 9.

In his original petition, Mr. Frye argued that his guilty plea was invalid "[p]rimarily because [he] was denied counsel." 1 R. 14. The district court found that, although Mr. Frye raised this argument with the state court of appeal "in a cursory manner," he did not argue the substance of it, and the appeals court did not address it. Frye, 2013 WL 50431, at *5. The claim was therefore procedurally barred. Id. at *6. The court found that Mr. Frye did not present specific facts showing cause and prejudice, or actual innocence to overcome this default. Id.

Before this court, Mr. Frye argues that each of the district court's procedural default holdings are in error.[3] Aplt. Br. 16-19. However, in his original habeas petition, Mr. Frye neglected to explain his failure to raise certain arguments either on direct appeal or in state postconviction proceedings. 1 R. 12, 14. Nor did his reply to the State's pre-answer response allege specific facts demonstrating cause and prejudice. 1 R. 194-97. Mr. Frye cannot assign error to something that was not fairly presented to the district court.

To the extent Mr. Frye's second COA claim argues beyond the scope of his district court petition, it will not be considered here. Parker, 394 F.3d at 1327.

*Claim 3.*

---

[3] We address these contentions specifically under Claim 8, below.

Mr. Frye argues that the trial court constructively denied his right to effective assistance of counsel when, after he had waived his right to counsel, the court gave him only two months to prepare his pro se defense. Aplt. Br. 10. Mr. Frye asserted this claim in his habeas petition. 1 R. 13.

The district court found that Mr. Frye had procedurally defaulted on this claim because he failed to present it to the state court of appeals in his opening brief. Frye, 2013 WL 50431, at *4. The record shows that Mr. Frye made a cursory reference to this argument in his "Summary of Arguments" to the court of appeals. 1 R. 123. However, the actual argument he presented to that court is devoid of any suggestion that his Sixth Amendment rights were violated by having insufficient time to prepare his pro se defense. Id. at 125-39. The Court of Appeals did not issue an opinion on that matter. 1 R. 113-14. The district court concluded that Mr. Frye did not demonstrate cause and prejudice, or actual innocence to overcome this default. Frye, 2013 WL 50431, at *5.

Mr. Frye argues that the district court's holdings were in error. Aplt. Br. 16. However, he fails to allege that he presented the district court with arguments and evidence from which it could find an exception to this procedural default. The district court's conclusions will therefore stand, and the third claim is procedurally barred.

*Claim 4.*

Mr. Frye argues that his guilty plea was invalid and makes several

arguments: (1) he entered into the plea agreement without counsel; (2) the State's

28-year plea deal had a "coercive effect" on him; (3) the cumulative effect of the

trial court's rulings broke his will and rendered his plea involuntary; and (4) the

State breached its initial plea agreement. Aplt. Br. 10-13.

In one form or another, Mr. Frye presented these claims to the district court

in his habeas petition. 1 R. 13-14. Because his first argument assumes a denial

of his right to counsel, our analyses under Claims 2 and 3 above dispense with the

need for additional analysis. We also note that at the time Mr. Frye entered into

his plea agreement, he had the benefit of advisory counsel. 1 R. 122.

Second, insofar as the State's 28-year "offer of leniency" coerced Mr. Frye,

the Colorado Court of Appeals specifically noted that a guilty plea is not rendered

invalid merely because it is

> motivated by the defendant's desire to accept the
> certainty or probability of a lesser penalty rather than
> face a wide range of possibilities extending from
> acquittal to conviction and a higher penalty authorized
> by law for the crime charged.

1 R. 112 (quoting Brady v. United States, 397 U.S. 742, 751 (1970)). The federal

district court recognized that Mr. Frye asked to stop the trial and plead guilty

after the prosecution presented substantial evidence of his guilt and that he

rationally feared receiving a harsher sentence if he did not plead. Frye, 2013 WL

4106459, at *9. The record bears out that Mr. Frye made a knowing, voluntary,

and intelligent decision to plead guilty and avoid the "threat of a 96 year

sentence." Aplt. Br. 11. The holding of the state court of appeals is not contrary to clearly established federal law.

Regarding his third and fourth argument, the district court found that Mr. Frye had procedurally defaulted on these portions of his claim, given that he had failed to adequately present them to the Colorado Court of Appeals. Frye, 2013 WL 50431, at *5. The record reflects that Mr. Frye did not raise the argument that his plea was invalid because of cumulative error or breach of plea agreement in his opening brief, and the court of appeals had no opportunity to rule on those issues. 1 R. 145-48. Those claims are therefore procedurally barred. See United States v. Barajas-Diaz, 313 F.3d 1242, 1245 (10th Cir. 2002). Nothing suggests cause and prejudice or a fundamental miscarriage of justice that might excuse the procedural default.

*Claim 5.*

Mr. Frye argues that the state improperly reneged on its initial offer of an 8-year sentence by subsequently offering a 28-year deal at trial. Aplt. Br. 13. Mr. Frye, however, did not squarely present this issue to the district court in his habeas petition. 1 R. 14. Nonetheless, our review of the record demonstrates that Mr. Frye initially waived a preliminary hearing and pled guilty under a deal for an 8-year sentence. Apparently against the advice of counsel, he "eventually changed his plea," 1 R. 14, and the state removed the 8-year deal from the table, 2 (07CR4329) R. 88. Mr. Frye does not demonstrate that the State's subsequent

offer of 28 years, made after Mr. Frye reneged on the 8-year deal, violated clearly established federal law.

*Claim 6.*

Mr. Frye argues that the trial court denied him due process by summarily denying his first 35(c) motion. Aplt. Br. 13. In his original habeas petition, Mr. Frye challenged the trial court's denial of both his first and second 35(c) motions. 1 R. 15.

The district court dismissed his claims as to both 35(c) motions, noting that arguments based on state law are not cognizable in habeas, and any cognizable federal claims are procedurally barred. Frye, 2013 WL 50431, at *9-10. After reviewing the record, we agree that Mr. Frye did not present the state courts with a claim that the trial court's denial of his 35(c) motion violated due process.

*Claim 7.*

Mr. Frye argues that the state court of appeals erred in not finding good cause or excusable neglect for his failure to timely file a direct appeal. Aplt. Br. 14. To the extent that Mr. Frye argues that good cause was presented because of ineffective assistance of counsel, 1 R. 14-15, he did not include this argument in his original habeas petition, and we will not resolve it in the first instance. Parker, 394 F.3d at 1327.

Rather, his habeas petition solely alleged that the trial court's failure to advise him of his right to appeal violated due process and caused him to file a late

appeal. 1 R. 14. We agree with the district court that this claim is procedurally barred. Frye, 2013 WL 50431, at *7-8. He did not raise that claim in his opening brief to the state court of appeals, 1 R. 123, or his response to the show cause order for his untimely notice of appeal, 1 R. 231-32. In fact, Mr. Frye did not raise the issue until his second postconviction motion, which the state trial court denied as time-barred and successive. Frye, 2013 WL 50431, at *6. These adequate and independent state grounds preclude habeas relief.

*Claim 8.*

Finally, Mr. Frye argues that the district court erred by failing to find his procedural defaults excused by cause and prejudice. Aplt. Br. 16. However, his original habeas petition and reply demonstrate that he did not provide specific facts of "cause and prejudice" that would allow the district court to hold in his favor. In all cases in which a state prisoner has procedurally defaulted on federal claims, he must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that failure to consider the claims will result in "a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Pro se litigants do not enjoy a more lenient standard. Andrews v. Deland, 943 F.2d 1162, 1189 n.41 (10th Cir. 1991). Cause may be shown by either actual ineffective assistance of counsel or some objective factor external to the defense that impeded efforts to comply with state procedures. Coleman, 501 U.S. at 725; Murray v. Carrier, 477 U.S. 478, 488 (1986). We briefly discuss

both grounds as they apply here.

Mr. Frye's first ground for cause is that he was denied effective assistance of counsel during his trial. Aplt. Br. 16. However, as we have discussed, we agree with the district court that Mr. Frye procedurally defaulted on his ineffective assistance claims. See Frye, 2013 WL 50431, *4-6. An "ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted," thus requiring an independent showing of cause and prejudice "with respect to *that* claim." Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (emphasis in original). Mr. Frye makes no such showing. We also note that Mr. Frye has not demonstrated actual ineffective assistance of counsel, given that "an indigent defendant has no constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983).

Second, Mr. Frye alleges that the state trial court's failure to inform him of the appellate process during his sentencing constitutes cause for his procedural defaults. As we have discussed, we agree with the district court that this claim is procedurally barred. See Frye, 2013 WL 50431, at *6-8. Because Mr. Frye does not present an independent cause for his failure to fairly present this claim to the state courts, it cannot constitute a cause for his other procedural defaults. Edwards, 529 U.S. at 453. We also recognize that this does not truly constitute

- 15 -

an objective factor external to the defense, as Mr. Frye was acting as his own attorney at the time, 1 R. 105, 108, and bore the risk of attorney error. Cf. Coleman, 501 U.S. at 752-53.

Mr. Frye's other arguments do not constitute cause for his defaults. Aplt. Br. 17-19. Because we find no cause for Mr. Frye's procedural defaults, we need not discuss prejudice. Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982). Furthermore, Mr. Frye does not point to a fundamental miscarriage of justice, such as his actual innocence, so as to move us to overlook these defaults.

B. § 2254 Petition Claims

Mr. Frye raised additional claims in his original habeas petition that he abandons in his combined opening brief and COA application. These issues are beyond our review. See Harvey v. Addison, 390 F. App'x 840, 843 (10th Cir. 2010) (unpublished). We also note that the district court dismissed each of these claims as procedurally barred, which we have already analyzed above. See Frye, 2013 WL 50431, at *4-10; Frye, 2013 WL 4106459, at *2-5.

We DENY IFP status, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 16 -