**Tony NUNEZ, Petitioner,**

v.

**David R. McKUNE, et al., Respondents.**

**No. 92–3244–DES.**

United States District Court,
D. Kansas.

March 1, 1993.

Tony Nunez, pro se.

JaLynn M. Copp, Office of the Atty. Gen., Topeka, KS, for respondents.

**MEMORANDUM AND ORDER**

SAFFELS, Senior District Judge.

This matter comes before the court on petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Lansing Correctional Facility,

Lansing, Kansas, was convicted of four counts of aggravated assault on a law enforcement officer and sentenced to a controlling term of twenty to forty years.

In this action, petitioner challenges his conviction and claims: (1) there was insufficient evidence to prove petitioner guilty beyond a reasonable doubt; and (2) the state district court erred when it failed to appoint counsel to represent petitioner in his post-conviction proceeding pursuant to K.S.A. 60–1507.

Having reviewed the record in this matter, the court makes the following findings and order.

*Factual Background*

On January 23, 1987, petitioner beat and bloodied his wife in a domestic altercation which eventually sent her running from the home seeking help. Petitioner's brother and sister-in-law went to petitioner's home in an attempt to remove petitioner's children. Although petitioner attacked his brother and sister-in-law, they were able to remove one of the children from the home. The other child remained in the house with petitioner.

Law enforcement officials arrived on the scene shortly thereafter and found petitioner brandishing a boning knife and the butt end of a pool cue. Petitioner verbally threatened the officers and made numerous slashing motions with the knife. At some point, petitioner picked up two more knives. Petitioner's wife was brought back to talk with him, but he became more agitated. Several times, petitioner took menacing steps toward the officers. Eventually, petitioner put down his weapons and left the house where he was arrested by the officers.

Petitioner was convicted by a jury of four counts of aggravated assault on a law enforcement officer. He was sentenced to a controlling term of twenty to forty years. Petitioner filed a direct appeal challenging the information and his sentence. The Kansas Court of Appeals affirmed. Petitioner subsequently filed a post-conviction motion pursuant to K.S.A. 60–1507 and claimed the evidence was insufficient to support his conviction and that the district court erred when it failed to appoint counsel to represent him

in his 1507 proceeding. The motion was denied. The Kansas Court of Appeals affirmed and the Kansas Supreme Court denied petition for review.

*Discussion*

■ Petitioner first claims there was insufficient evidence to support his conviction. The federal habeas court's role in collateral review of the state record to determine whether the conviction satisfies due process is to consider whether there was sufficient evidence to allow any rational factfinder to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In federal habeas corpus proceedings, a challenge to the sufficiency of the evidence requires a court to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Cordoba v. Hanrahan,* 910 F.2d 691 (10th Cir.), *cert. denied,* 498 U.S. 1014, 111 S.Ct. 585, 112 L.Ed.2d 590 (1990).

■ In this case, all the law enforcement officers testified that petitioner threatened them with bodily harm, that petitioner had the apparent ability to cause such harm, that petitioner had a deadly weapon, and that the officers felt threatened during the encounter. The evidence was clear that petitioner had weapons and was using them to keep the officers at bay.

Having reviewed the evidence in the light most favorable to the prosecution, the court finds there was sufficient evidence for a rational factfinder to finder the essential elements of the crime beyond a reasonable doubt.

■ Petitioner next claims that the state trial court erred when it failed to appoint counsel to represent him in his state post-conviction proceeding. The Constitution does not require the appointment of counsel in post-conviction collateral proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). *Robinson v. State,* 13 Kan.App.2d 244, 767 P.2d 851, 855 (1989). Thus no constitutional question is raised and this court

**662**

will not address the issue. To the extent that petitioner is relying on a state statutory right to the appointment of counsel, that is a matter for state court determination. *Cain v. Petrovsky*, 798 F.2d 1194 (8th Cir.1986).

IT IS THEREFORE BY THE COURT ORDERED that the petition for writ of habeas corpus is dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to the petitioner and the respondent.