**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENH CIRCUIT

---

FRANK ELWOOD SHIPLEY,

    Petititioner-Appellant,

v.

STATE OF OKLAHOMA,

    Respondent-Appellee.

No. 02-6233

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-01-1722-T)**

---

Frank Elwood Shipley, *pro se*, Boley, Oklahoma.

Respondent-Appellee did not file a brief in this appeal.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    After examining Petitioner-Appellant's brief and the appellate record, this

panel has determined unanimously that oral argument would not materially assist

the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2254 prisoner appeal. Mr. Shipley pleaded *nolo contendere* to two counts of lewd and indecent acts to a child under sixteen years of age. Although sentencing was initially deferred for five years, the State subsequently sought to advance the deferred sentence, and Petitioner confessed that he had violated the terms of his probation. Mr. Shipley was then sentenced to twenty-year concurrent terms of imprisonment on each of the two counts, with ten years of each sentence suspended. Petitioner did not appeal; however, he did seek post-conviction relief. The trial court denied the application, and the denial was affirmed by the Oklahoma Court of Criminal Appeals (OCCA).

In his habeas petition, Petitioner alleged that (1) the trial court erred in failing to provide adequate conclusions of law in its order denying his application for post-conviction relief; (2) the trial court lacked jurisdiction because the statute of limitations governing the offenses had expired; (3) the charging information was defective; (4) the trial court lacked the authority to defer his sentencing; (5) he was held in custody on unreasonable bond; and (6) he received ineffective assistance of trial counsel.

In a well-reasoned and detailed opinion, the magistrate judge recommended that the petition be denied in its entirety. After consideration of Petitioner's objections, the district court adopted the recommendation and dismissed the

petition. Finding no merit in any of Mr. Shipley's arguments, the district court declined to grant him a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2002). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

We have carefully reviewed Mr. Shipley's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Petitioner's brief raises an issue which meets our standards for the grant of a certificate of appealability. For substantially the same reasons as set forth by the district court in its Order of July 15, 2002, adopting the magistrate judge's Report and Recommendation, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

One issue deserves further clarification. Petitioner submits that the state trial court erred in failing to provide adequate written conclusions of law in its

order denying Petitioner's application for post-conviction relief. Petitioner raised this claim in his appeal to the OCCA from the trial court's order. Without specifically mentioning this claim of procedural error, the OCCA affirmed the trial court's denial of post-conviction relief.

We take this opportunity to confirm that "[f]ederal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation . . . ." Davis v. Kaiser, No. 00-6080, 2000 WL 895603, at *1 (10th Cir. July 6, 2000), cert. denied, 532 U.S. 944 (2001) (unpublished); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("It is not the province of a federal habeas court to reexamine state court determinations on state-law questions."); Romano v. Gibson, 239 F.3d 1156, 1166 (10th Cir.), cert. denied, __ U.S. __, 122 S. Ct. 628 (2001). We agree that "Petitioner's claim of error by the state court does not amount to a federal constitutional claim that is cognizable in this federal habeas action." Magistrate Judge's Report and Recommendation at 5; see also Cooper v. Nelson, No. 99-3180, 1999 WL 1243098 (10th Cir. Dec. 21, 1999) (unpublished) (affirming district court's conclusion that habeas petitioner's claim of error in denial of evidentiary hearing in post-conviction proceeding is not appropriate for habeas corpus relief). In this and in all other respects, we agree with the disposition of the district court and the magistrate judge.

We **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed in forma pauperis on appeal is **GRANTED**.