**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT D. BLAUROCK,

     Petitioner - Appellant,

v.

STATE OF KANSAS; REX PRYOR,
Warden, Lansing Correctional Facility;
DEREK SCHMIDT, Attorney General of
the State of Kansas,

     Respondents - Appellees.

No. 16-3356
(D.C. No. 5:15-CV-03274-DDC)
(D. Kan.)

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

Robert D. Blaurock, a Kansas state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") in order to challenge the district court's denial of his Petition

Under 28 U.S.C. § 2254 For Writ of Habeas Corpus ("§ 2254 petition"). In separate

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Blaurock is appearing pro se, we liberally construe his pleadings. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). "[T]his rule of liberal construction stops, however, at the point at which we begin to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

motions, Mr. Blaurock also seeks to clarify the record on appeal and requests reconsideration of the Clerk's order denying his motion for leave to file a pro se appendix.[2] Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Blaurock's application for a COA. In addition, we deny his motions for reconsideration of the Clerk's order and to clarify the record on appeal, and dismiss the appeal in its entirety.

## I.   BACKGROUND

In November 2005, after being charged with committing "numerous crimes, including rape, [which carried alternative counts of aggravated indecent liberties with a child,] aggravated kidnapping, aggravated criminal sodomy, and sexual exploitation of child," Mr. Blaurock was convicted on one count of aggravated indecent liberties with a child following a three-day jury trial. *Blaurock v. State*, No. 108,591, 2015 WL 1122935, at *1 (Kan. Ct. App. Mar. 6, 2015) (unpublished), *review denied*, 2015 Kan. LEXIS 894 (Kan. Sept. 14, 2015); *see also State v. Blaurock*, 201 P.3d 728, 734 (Kan. Ct. App. 2009), *review denied*, 289 Kan. 1280, 2009 Kan. LEXIS 1166 (2009). The jury acquitted Mr. Blaurock on seven counts of rape and one count of aggravated kidnapping, but was unable to reach a verdict on two counts of rape, one count of aggravated criminal sodomy, and one count of sexual exploitation of a child. *Blaurock*, 201 P.3d at 734. As a result of the mistrial on these counts, the State brought Mr. Blaurock to trial a second time in April 2006. *Id.* at 734. After a five-day trial, the jury found Mr. Blaurock guilty

---

[2] Mr. Blaurock also requests leave to proceed in forma pauperis. We dismiss this request as unnecessary because the district court granted Mr. Blaurock leave to proceed in forma pauperis.

on individual counts of rape, aggravated criminal sodomy, and sexual exploitation of a child. *Id.* at 738.

Mr. Blaurock filed a direct appeal of his convictions to the Kansas Court of Appeals. On appeal, Mr. Blaurock raised the following six issues: (1) whether the trial court erred in the second trial by admitting evidence related to the conviction and acquittals from the first trial, including admission of DNA evidence from a sexual encounter that allegedly occurred on June 1, 2005, even though the rape charge at issue was for conduct alleged to have occurred on May 25, 2005; (2) whether the trial court erred in admitting evidence regarding his parole status; (3) whether the trial court violated his right to a speedy trial under Kansas law; (4) whether the trial court erred in granting the State's motion for a continuance between the first and second trials; (5) whether a combination of errors at trial deprived him of his right to a fair trial; and (6) whether the trial court erred by using his criminal history score to increase his sentence. *Id.* at 733–34. The Kansas Court of Appeals rejected Mr. Blaurock's contentions and affirmed his convictions. *Id.*

Mr. Blaurock then petitioned the Kansas Supreme Court to review three of the six issues he had previously raised on direct appeal: (1) whether the trial court erred in the second trial by admitting evidence related to the conviction and acquittals from the first trial; (2) whether the trial court violated Mr. Blaurock's right to a speedy trial; and (3) whether the trial court erred by using his criminal history score to increase his sentence. The Kansas Supreme Court denied review. *State v. Blaurock*, 289 Kan. 1280, 2009 Kan. LEXIS 1166 (2009).

In late 2010, Mr. Blaurock filed a lengthy pro se motion challenging his convictions under Kansas Statutes Annotated § 60-1507 ("60-1507 motion"). In his 60-1507 motion, Mr. Blaurock asserted forty-one separate grounds for reversing his convictions, ranging from alleged violations of constitutional rights to trial errors and prosecutorial misconduct. During a hearing on September 8, 2011, at which Mr. Blaurock was represented by counsel, the Wyandotte County District Court orally denied Mr. Blaurock's 60-1507 motion in its entirety, and subsequently entered a written order denying the 60-1507 motion "for the reasons set out in . . . the hearing."

Mr. Blaurock, represented by counsel, appealed this decision to the Kansas Court of Appeals. In his appeal, Mr. Blaurock raised two issues: (1) whether the trial court had failed to make explicit findings of fact and conclusions of law on all forty-one issues presented in his 60-1507 motion, in violation of Kansas Supreme Court Rule 183(j); and (2) whether Mr. Blaurock's counsel was ineffective during the 60-1507 motion hearing for failing to object to this alleged violation, and for failing to advocate in the manner required by the Code of Professional Conduct. In addition to the appellate brief filed by his appointed attorney, Mr. Blaurock filed a pro se supplemental brief in which he raised the following two additional issues: (1) the trial court erred in failing to dismiss the jury and grant a mistrial; and (2) the trial court erred in not finding Mr. Blaurock's trial counsel ineffective for failing to inform him of the terms and conditions of a plea offer from the State. The Kansas Court of Appeals affirmed the trial court's judgment on the two issues raised by Mr. Blaurock's appellate counsel, but declined to address the two additional issues argued by Mr. Blaurock in his supplemental brief because they were not

4

presented to the trial court. *Blaurock*, 2015 WL 1122935, at *6–7. Mr. Blaurock

petitioned the Kansas Supreme Court to review the Kansas Court of Appeals' substantive

decisions regarding Kansas Supreme Court Rule 183(j) and the alleged ineffectiveness of

his counsel at the 60-1507 hearing, as well as its decision to decline review of his

supplemental claims. The Kansas Supreme Court again denied review. *Blaurock v. State*,

No. 108.591. 2015 Kan. LEXIS 894 (Kan. Sept. 14, 2015).

On December 18, 2015, Mr. Blaurock filed his § 2254 petition in the United States

District Court for the District of Kansas, and asserted thirty-one separate grounds for

relief. Shortly thereafter, Mr. Blaurock filed a lengthy brief in support of his petition. The

district court accurately summarized Mr. Blaurock's grounds for relief as follows:

> 1. Ineffective assistance of counsel based on counsel's failure "to pursue" an 8-year plea offer and advise [Mr. Blaurock] about the offer.
>
> 2. Denial of Sixth Amendment right to a "fair, impartial, and competent jury" based on failure to grant a mistrial [notwithstanding two jurors' alleged impairments or impartiality].
>
> 3. The trial court did not gain jurisdiction over [Mr. Blaurock] at his initial appearance [because the magistrate judge failed to inform him of the charges against him or provide him a copy of the criminal information or indictment].
>
> 4. Ineffective assistance of counsel based on trial counsel's failure to investigate [Mr. Blaurock's] alibi.
>
> 5. Ineffective assistance of counsel based on trial counsel denying [Mr. Blaurock access to] "Brady Rule exculpatory/exclusionary evidence."
>
> 6. "The State's information, and jury instructions alleged multiplicative crimes, double punishments at sentencing [and the State used evidence multiplicatively to prove crimes on various dates]."

7. Trial court denied [Mr. Blaurock] a speedy preliminary hearing and arraignment.

8. "Trial counsel was ineffective, and trial court abused its discretion [by] failing to investigate" a conflict of interest between [Mr. Blaurock] and the prosecutor.

9. The trial court's Fourth Amendment and attorney-client privilege rulings were erroneous.

10. [Mr. Blaurock] "was too far removed from the crime scene . . . before discovery of evidence admitted in trials [was discovered]."

11. Fourth Amendment violation based on failure to exclude evidence seized as fruit of the poisonous tree.

12. No one conducted fingerprint analysis on evidence that was used during the commission of the crime.

13. "The State was allowed to use the DNA evidence from a 6/1/05 sexual assault to corroborate/prove a 5/25/05 rape."

14. Erroneous jury instructions [regarding prior crimes evidence].

15. Error based on the trial court allowing "the State and State witnesses to violate a limiting instruction 95 times."

16. Prosecutorial misconduct based on the prosecutor threatening and intimidating defense witnesses.

17. "The [trial] court erred in making the defendant wear restraint devices throughout his trial."

18. "The [trial] court erred in allowing the jurors to keep and view all evidence[ ] and exhibits in [the] deliberat[ion] room."

19. Error based on inadmissible evidence about gang affiliation and "allowing the State to present [non-existent] evidence."

20. Error based on trial court instructing the jury to deliberate longer when it came back "hung" on five of the 13 counts [in Mr. Blaurock's first trial].

6

21. Error based on jury foreperson's failure to sign the verdict form in [Mr. Blaurock's] first trial.

22. Prosecutorial misconduct based on improper remarks in the prosecutor's opening and closing statements.

23. Prosecutorial misconduct based on the prosecutor's comments about [Mr. Blaurock's] and other witnesses' veracity as well as about the credibility of the evidence.

24. Prosecutorial misconduct based on the prosecutor being "rude and interruptive during defense witness testimony, and defense counsel questioning."

25. Ineffective assistance of counsel on direct appeal.

26. Ineffective assistance of counsel [during Mr. Blaurock's] 60-1507 motion hearing.

27. Error based on the [trial court's] failure to comply with Kansas Supreme Court Rule 183(j) [when ruling on Mr. Blaurock's 60-1507 motion].

28. Error based on admission of inadmissible hearsay testimony.

29. "The Court Services Reporters failed to record all proceedings trial related, erased, deleted, and omitted transcripts."

30. 90-day speedy trial violation under Kansas Statutes Annotated section 22-3402.

31. Cumulative error resulting in deprivation of a fair trial.

In response, the State of Kansas argued all thirty-one claims were procedurally defaulted and barred from federal habeas review, and, in the alternative, that each claim lacked merit.

After a comprehensive review of Mr. Blaurock's claims and the relevant standards set forth by Congress in the Antiterrorism and Effective Death Penalty Act of 1996

7

("AEDPA"), the district court determined that Mr. Blaurock had properly exhausted his claims regarding ineffective assistance of counsel during the 60-1507 motion hearing (claim 26), the Kansas trial court's alleged violation of Kansas Supreme Court Rule 183(j) when ruling on his 60-1507 motion (claim 27), and violation of his right to a speedy trial under Kansas law (claim 30). However, the district court found Mr. Blaurock had failed to properly exhaust the remaining twenty-eight claims in his § 2254 petition because he had not raised them in his petitions for review submitted to the Kansas Supreme Court. Faced with a petition containing both exhausted and unexhausted claims, the district court first determined that each of the twenty-eight unexhausted claims were procedurally defaulted and therefore barred from federal habeas review. It then examined the three remaining exhausted claims and denied them on the merits. Accordingly, the district court denied the entirety of Mr. Blaurock's § 2254 petition and further denied a COA.

Mr. Blaurock timely filed a combined application for a COA and opening brief challenging the district court's denial of his § 2254 petition.

## II. CERTIFICATE OF APPEALABILITY

To appeal the district court's order and judgment denying him relief under § 2254, Mr. Blaurock must first obtain a COA.[3] The standards for obtaining a COA are the same regardless of whether the applicant is a state or federal prisoner: a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[3] "A COA is a jurisdictional pre-requisite to our review." *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006); *accord* 28 U.S.C. § 2253(c)(1)(A).

In instances where the district court denies a habeas petition on procedural grounds—such as failure to exhaust or procedural default—without reaching the merits of the underlying constitutional claims, the Supreme Court has held that a petitioner must satisfy a two-part standard to obtain a COA. This standard requires Mr. Blaurock to show, with respect to the twenty-eight claims dismissed on procedural grounds, "that jurists of reason would find it debatable whether [his] petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008). Mr. Blaurock must satisfy both factors, as "[e]ach component . . . is part of a threshold inquiry." *Slack*, 529 U.S. at 485. Rather than address the threshold requirements in order, we may first "resolve the issue whose answer is more apparent from the record and arguments," though because we ordinarily "will not pass upon a constitutional question . . . if there is also present some other ground upon which the case may be disposed of," we generally resolve procedural issues first. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the [claims], a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484; *see also Coppage*, 534 F.3d at 1281. However, if we conclude that reasonable jurists could debate the district court's resolution of the procedural issues, we must then consider whether Mr. Blaurock's claims state a valid constitutional claim. In doing so, we "simply take a quick look at the face of the [petition] to determine whether the petitioner

9

has facially alleged the denial of a constitutional right." *Paredes v. Atherton*, 224 F.3d 1160, 1161 (10th Cir. 2000) (internal quotation marks omitted).

With respect to Mr. Blaurock's remaining three claims, which the district court reviewed and ruled on the merits, Mr. Blaurock must only satisfy the first factor of the previously identified standard in order for a COA to issue as to those claims. That is, he must show that reasonable jurists "would find it debatable whether [any of these claims] state[ ] a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. When determining if Mr. Blaurock has satisfied this standard, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits," rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("When a court of appeals sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction." (alteration in original) (quoting *Miller-El*, 537 U.S. at 336–37)). Mr. Blaurock need not show his appeal will be successful to be entitled to a COA; rather, he must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338 (internal quotation marks omitted). "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

Finally, because Mr. Blaurock's § 2254 motion is governed by the standards set forth in AEDPA, we keep in mind the deference owed to state-court determinations on

10

the merits when determining whether Mr. Blaurock is entitled to a COA.[4] *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) ("AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA."); *see also Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) ("Conversely, if the state court did not decide a claim on the merits, and the claim is not otherwise procedurally barred, [federal courts] address the issue de novo and the § 2254(d)(1) deference requirement does not apply."). As a result, our review and general assessment of the district court's ruling on the merits primarily consists of examining the district court's "application of AEDPA to [Mr. Blaurock's] constitutional claims and ask[ing] whether that resolution was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336.

After careful consideration of the district court's order and the record on appeal, we conclude Mr. Blaurock has failed to satisfy the required standards for a COA to issue as to any of his thirty-one claims, as reasonable jurists could not "debate whether (or, for

---

[4] AEDPA prohibits federal courts from granting habeas relief for claims adjudicated on the merits in state court proceedings unless the petitioner "establishes that the state-court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Charlton v. Franklin*, 503 F.3d 1112, 1114–15 (10th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1), (2)). State court adjudications are contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (internal quotation marks omitted). Factual determinations "made by a State court shall be presumed to be correct," and a petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Accordingly, we deny Mr. Blaurock's request for a COA and dismiss his appeal for the reasons set forth below.

## A. Review of the District Court's Procedural Rulings

To successfully challenge a conviction under 28 U.S.C. § 2254 in federal court, a petitioner must first properly exhaust his available remedies in state court, or, in the alternative, demonstrate that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective to protect" his rights. 28 U.S.C. § 2254(b)(1). In general, to exhaust state remedies, a petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is accomplished by providing "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. Thus, any of Mr. Blaurock's claims that were not included in a petition to the Kansas Supreme Court are unexhausted, unless one of the aforementioned exceptions applies.

After a thorough review of the state record, the district court determined Mr. Blaurock had failed to exhaust all but three of the claims he raises in his § 2254 petition. In particular, the district court found Mr. Blaurock had properly exhausted claims 26, 27, and 30. The district court found the remaining twenty-eight claims to be unexhausted. After review of the state record, we conclude that a reasonable jurist could not debate the

12

district court's findings regarding the unexhausted nature of the twenty-eight claims[5]—

with two exceptions.[6]

---

[5] Before the district court, and again in his petition for a COA, Mr. Blaurock argues he properly exhausted claims 3 through 20, 22 through 25, and 28 through 29 by raising them in his appeal and subsequent petition for review of the Kansas trial court's order denying his 60-1507 motion. It is undisputed that Mr. Blaurock did not raise each individual claim on appeal or in his petition for review; rather, he argues these twenty-four claims were incorporated in his argument that the trial court violated Kansas Supreme Court Rule 183(j) by not making explicit findings of fact and conclusions of law with respect to each of the forty-one claims asserted in his 60-1507 motion. The federal district court considered this argument and found it unpersuasive, noting that, for purposes of exhaustion, a state court has not had an opportunity to hear a claim unless it has been "fairly presented" and "the substance of . . . [the] claim[s] ha[ve] been presented . . . in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (internal quotation marks omitted). Mr. Blaurock's 60-1507 appeal and petition for review did not sufficiently present the substance of these issues to the Kansas Court of Appeals or the Kansas Supreme Court. Consequently, reasonable jurists could not disagree with the district court's conclusion that these issues were not properly exhausted by Mr. Blaurock's 60-1507 appeal.

[6] Although the district court initially describes claims 1 and 2 as unexhausted, it later notes that both claims are "technically exhausted" because the Kansas Court of Appeals declined to hear them pursuant to its procedural rules and, as a result, "no Kansas court is left to hear [an] appeal." *See* 28 U.S.C. § 2254(b)(1)(B)(i); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."). Although the district court may have erred in initially describing the claims as unexhausted, it dismissed both claims, not for a failure to exhaust, but because the Kansas Court of Appeals dismissed both claims on an independent and adequate state procedural ground—thus barring federal courts from reviewing the claims. *See Coleman*, 501 U.S. at 729–32 (noting that "[i]n the absence of the independent and adequate state ground doctrine . . . habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court"). We review the district court's determination in this regard *infra* at Part II.A.1, concluding that reasonable jurists could not debate that both claims are procedurally barred under the independent and adequate state doctrine. As a result, the district court's description of the claims as unexhausted is immaterial to the determination of whether Mr. Blaurock is entitled to a COA.

In claim 13, Mr. Blaurock asserts as a ground for relief that the State was allowed to use DNA evidence from the alleged sexual assault on June 1, 2005, to corroborate and prove the sexual assault that allegedly occurred on May 25, 2005. Relatedly, in claim 14, Mr. Blaurock argues the trial court provided erroneous jury instructions in his second trial regarding the use of prior crimes evidence stemming from the allegations raised in the first trial, including the DNA evidence from June 1, 2005.[7] On direct appeal of his conviction, Mr. Blaurock argued the trial court erred during his second trial by admitting evidence of his prior crimes, including "DNA evidence from the sexual encounter that allegedly occurred on" June 1, 2005, and that, in the alternative, the trial court erred by failing to provide an adequate limiting instruction regarding this evidence. After the Kansas Court of Appeals found the prior crimes evidence admissible and that any defect in the limiting instruction amounted to harmless error, *see State v. Blaurock*, 201 P.3d 728, 738–47 (Kan. Ct. App. 2009), Mr. Blaurock filed a petition for review with the Kansas Supreme Court. In his petition, Mr. Blaurock again contended that the trial court erred by admitting the prior crimes evidence, including "[t]he DNA evidence showing

---

[7] Mr. Blaurock's sixth claim, which he describes as the "State's information, and jury instructions alleged multiplicative crimes, double punishments at sentencing," arguably contains a similar challenge to those asserted in claims thirteen and fourteen. In his recitation of facts supporting claim 6, Mr. Blaurock, among other things, argues the "State used testimony, photographs, and DNA test results, multiplicatively to prove crimes on both [May 25, 2005 and June 1, 2005]." This theory is fully encompassed by claims 13 and 14, and appears to only be a subordinate argument within claim 6, as the bulk of the claim relates to the State's information and the trial court's jury instructions. As a result, our discussion and resolution of claims 13 and 14 encompasses the related theory identified in claim 6.

14

that Mr. Blaurock engaged in sexual intercourse with [the victim] on June 1, 2005," and, in the alternative, that the trial court failed to provide a proper limiting instruction to the jury.

Construing Mr. Blaurock's pleadings liberally, we conclude claims 13 and 14 may embody the claims Mr. Blaurock raised in his direct appeal and petition for review regarding admission of prior crimes evidence and the trial court's related jury instructions. Consequently, reasonable jurists could debate the district court's finding that claims 13 and 14 were not properly exhausted in state court. Having established the first requirement for a COA to issue as to these claims, we address if reasonable jurists could debate whether claims 13 and 14 assert valid claims of the denial of constitutional rights *infra* at Part II.B.

As a result, Mr. Blaurock's § 2254 petition presents five exhausted claims and twenty-six unexhausted claims. Ordinarily, as Mr. Blaurock notes in his brief, when faced with a mixed petition, a district court must "either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016) (internal quotation marks omitted); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."); *but see Walker v. Martin*, 562 U.S. 307, 314 n.3 (2011) ("Rather than dismiss a petition containing both exhausted and unexhausted claims, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his

previously unexhausted claims."). But we have held that this general rule is not absolute.

As we explained in *Harris v. Champion*, 48 F.3d 1127, 1131 n.3 (10th Cir. 1995):

> If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas[.]" *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Therefore, instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims.

The district court employed this method, determining Mr. Blaurock's unexhausted claims were procedurally barred because they either: (1) were dismissed by a state court on an adequate and independent state procedural ground, or (2) would be procedurally barred under state law if Mr. Blaurock returned to state court to exhaust them. In particular, the district court found claims 1 and 2 to be procedurally defaulted on adequate and independent state procedural grounds, and therefore barred from consideration by a federal court. With respect to the remaining unexhausted claims, the district court found Mr. Blaurock would be procedurally barred from presenting them in state court. For the reasons set forth below, we find a reasonable jurist could not debate the district court's determination that these claims were procedurally defaulted and therefore properly denied.

## 1. Adequate and Independent State Grounds

"AEDPA strictly limits a federal court's ability to consider issues on habeas review that the state court deemed procedurally barred . . . ." *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006). Accordingly, federal courts generally cannot "review a question of federal law decided by a state court if the decision of that court rests on a

16

state law ground that is independent of the federal question and adequate to support the judgment."[8] *Coleman*, 501 U.S. at 729. To be considered adequate, "a state procedural ground must be 'firmly established and regularly followed.'" *Livingston v. Kansas*, 407 F. App'x 267, 271 (10th Cir. 2010) (unpublished) (quoting *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008)). And a state ground is independent "if it relies on state law, rather than federal law." *Smith*, 550 F.3d at 1274.

This "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729–30. Such procedural defaults can only be overcome if "the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (internal quotation marks omitted); *see also Frye v. Raemisch*, 546 F. App'x 777, 781 (10th Cir. 2013) ("In addition to unexhausted claims, claims that have been procedurally defaulted—claims denied on adequate and independent state law grounds—generally may not be reviewed. A habeas petitioner may only overcome procedural default by showing either 'cause' and 'actual prejudice,' or that he was 'actually innocent.'" (citation omitted)).

The district court found Mr. Blaurock's first and second claims procedurally barred because the Kansas Court of Appeals declined to address them on grounds that

---

[8] "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

17

Mr. Blaurock "never raised these issues below, and . . . does not explain why they should be addressed here for the first time." *Blaurock v. State*, No. 108,591, 2015 WL 1122935, at *7 (Kan. Ct. App. Mar. 16, 2015) (unpublished). Next, it determined that Mr. Blaurock had failed to overcome this procedural bar by demonstrating cause and actual prejudice or actual innocence. In reaching this conclusion, the district court held that Mr. Blaurock's arguments regarding his inability to afford transcripts and the lack of legal support for the Kansas Court of Appeals' decision were insufficient to establish cause and prejudice. The district court also determined that Mr. Blaurock had not made a colorable showing of actual innocence. Accordingly, the district court held it could not review either claim.

Reasonable jurists could not debate the district court's rulings with respect to claims 1 and 2. The record demonstrates that Mr. Blaurock failed to raise either claim in his direct appeal or 60-1507 motion before the district court. Although he raised both claims in his supplemental brief during his 60-1507 appeal, the Kansas Court of Appeals found the claims procedurally barred because Mr. Blaurock failed to raise them before the district court. These circumstances fall squarely within the procedural bar established by the adequate and independent state grounds doctrine. *Coleman*, 501 U.S. at 729–30 (explaining the "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement").

In addition, Mr. Blaurock did not argue before the district court or in his application for a COA that the Kansas rule against raising arguments for the first time on

18

appeal is not an adequate and independent state procedural ground. We therefore need not address the question here, but simply note that courts addressing the precise question have routinely concluded that it is. *See Reynolds v. Hannigan*, No. 95-3559-DES, 1999 WL 33177300, at *7 (D. Kan. Mar. 22, 1999) (unpublished) (collecting cases in support of its finding that "Kansas courts routinely, strictly, and regularly bar litigants from raising a point on appeal that was not raised in the lower court"), *adopted by Reynolds v. Hannigan*, 53 F. Supp. 2d 1149 (D. Kan. 1999); *see also Robinson v. Kansas*, No. 10-3082-MLB, 2011 WL 2118635, at *6 (D. Kan. May 27, 2011) (unpublished) (finding a petitioner's claim was not reviewable because the Kansas Supreme Court's "decision was based on Kansas precedent of refusing to hear issues on direct appeal where the defendant failed" to raise the issues before the trial judge); *Hartfield v. Simmons*, No. 03-3191-JTM, 2004 WL 2030256, at *6 (D. Kan. Sep. 3, 2004) (unpublished) (finding "Kansas . . . law is that issues not raised before the trial court cannot be raised on appeal," and therefore concluding petitioner's claim should be denied "on the grounds of an independent and adequate state procedural bar" (internal quotation marks omitted)).

Finally, no reasonable jurist could debate the district court's conclusion that Mr. Blaurock failed to demonstrate: (1) cause for the default and actual prejudice as a result of the alleged constitutional violation; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice because he is actually innocent. *See Bondy v. Scott*, 43 F. App'x 168, 173 (10th Cir. 2002) (unpublished). "Cause under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Griffin v. Scnurr*, 640 F. App'x 710, 720 (10th Cir. 2016)

19

(unpublished) (internal quotation marks omitted). Mr. Blaurock cannot establish cause by asserting that his inability to afford transcripts or obtain them from his attorney prevented him from raising these claims in his 60-1507 motion. As the district court noted, Mr. Blaurock's procedural default was not caused by a failure to cite to the record; rather, it was the result of his failure to even facially raise the claims in his 60-1507 motion. And there is nothing to suggest the transcripts were required to identify and raise these claims. Moreover, in his application for a COA, Mr. Blaurock states that before the state trial court ruled on his 60-1507 motion, he was afforded eleven volumes of transcripts free of cost and subsequently submitted an amended 60-1507 petition. He also indicates he purchased certain portions of the transcripts before filing his 60-1507 appeal. These facts belie Mr. Blaurock's contentions that any alleged lack of transcripts was the cause of his default. Furthermore, Mr. Blaurock's claim that the Kansas Court of Appeals prevented him from properly raising these claims as a result of its "untruthful" and legally deficient decision is unsupported by the record and without merit. Finally, Mr. Blaurock did not make any claim or showing of actual innocence and therefore he fails to demonstrate a fundamental miscarriage of justice will occur if we do not consider his procedurally barred claims. *See Griffin*, 640 F. App'x at 721 ("The actual innocence standard is demanding and generally requires the petitioner to demonstrate that more likely than not, in light of new evidence, no reasonable juror would find the petitioner guilty beyond a reasonable doubt." (internal quotation marks omitted)).

Accordingly, we deny a COA as to claims 1 and 2.

## 2. Anticipatory Procedural Bar

Procedural default may also occur when a "petitioner fail[s] to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. "In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Id.* We often refer to this principle as an "anticipatory procedural bar" to claims raised under § 2254. *See Rouse v. Romero*, 531 F. App'x 907, 909 n.5 (10th Cir. 2013) (unpublished) ("As we explained, anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (same); *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002) (same). As with a procedural bar arising under the adequate and independent state grounds doctrine,

> [t]here are two circumstances where a federal court may nevertheless consider claims subject to an anticipatory procedural bar: (1) if the prisoner has alleged sufficient "cause" for failing to raise the claim and resulting "prejudice" or (2) if denying review would result in a fundamental miscarriage of justice because the petitioner has made a "credible" showing of actual innocence.

*Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). Applying these principles, the district court found Mr. Blaurock's remaining unexhausted claims, consisting of claims 3

21

through 12, 15 through 25, 28 through 29, and 31, to be procedurally barred and not subject to the cause and prejudice or miscarriage of justice exceptions.[9]

Mr. Blaurock presented all but one of these claims in state court, raising claim 31 in the direct appeal of his conviction and claims 3 through 12, 15 through 20, 22 through 25, and 28 through 29 in his 60-1507 motion.[10] Although they were presented at various levels in state court, Mr. Blaurock did not raise any of these claims before the Kansas Supreme Court. And it is beyond dispute that he would now be procedurally barred from raising any of these claims in state court. In particular, Mr. Blaurock would be procedurally barred from raising these claims before the Kansas Court of Appeals or the Kansas Supreme Court as any appeal or petition would be untimely. *See* Kan. Sup. Ct. R. 8.03(a)(1) (providing a jurisdictional thirty-day period for filing a petition for review with the Kansas Supreme Court); *Albright v. State*, 251 P.3d 52, 56 (Kan. 2011) (noting the appeal of a trial court's ruling on a 60-1507 motion is subject to the thirty-day time limit imposed by Kansas Statutes Annotated § 60-2103(a) to file an appeal). Mr. Blaurock would also be procedurally barred from raising these claims in a successive 60-1507 motion because they would be untimely and because, in large measure, a Kansas court

---

[9] Although the district court also found claims 13 and 14 to be procedurally barred under this doctrine, as previously detailed, we conclude claims 13 and 14 may have been properly exhausted and thus not subject to the anticipatory procedural bar. As a result, they are omitted from this discussion.

[10] The district court noted that claim 6 of Mr. Blaurock's § 2254 petition presents multiple theories of relief, some of which were presented to state courts, and others that were not. In either case, the anticipatory procedural bar applies to both sets of theories, regardless of whether they were raised in state court, as explained herein.

has already ruled on their merits. *See* Kan. Stat. Ann. § 60-1507(f) (establishing a one-year time limit on bringing post-conviction motions unless "extended . . . to prevent a manifest injustice"); Kan. Sup. Ct. R. 183(d) (barring a trial court from hearing a second or successive 60-1507 motion if the grounds for relief were previously ruled on adversely to the movant, the prior determination was on the merits, and justice would not be served by reaching the merits of the successive motion).

Similarly, the time has long since passed for Mr. Blaurock to raise claim 21, which he has never raised before any state court. Kan. Stat. Ann. § 60-2103(a) (providing a thirty-day limit on filing an appeal); Kan. Stat. Ann. § 60-1507(f) (establishing a one-year time limit on bringing post-conviction motions unless "extended . . . to prevent a manifest injustice"); s*ee also Griffin*, 640 F. App'x at 718–19 (concluding petitioner's due process claim was waived because he did not raise it on direct appeal or during one full round of post-conviction review, and that even if it was not waived it would be untimely under Kansas law); *Frost*, 749 F.3d at 1231 (concluding a petitioner's claims that were not included in his petition for review before the Kansas Supreme Court were untimely under Kansas state law). In addition, he would also be barred from bringing this claim by Kansas Supreme Court Rule 183(c)(3), which indicates "[m]ere trial errors must be corrected by direct appeal" and therefore a post-conviction challenge cannot be used to redress those errors if not raised on direct appeal unless they affect constitutional rights and there are "exceptional circumstances excus[ing] the failure to appeal." Kan. Sup. Ct. R. 183(c)(3); s*ee also Livingston*, 407 F. App'x at 271–72 (noting petitioner would be barred from bringing four claims in a second application for post-conviction relief

23

because it would be untimely under Kansas Statutes Annotated § 60-1507(f) and further barred by Kansas Supreme Court Rule 183(c)).

Mr. Blaurock cannot overcome this procedural default, as it is beyond dispute that he failed to show sufficient cause for the defaults, or that denying review of his claims would result in a fundamental miscarriage of justice. Before the district court, Mr. Blaurock argued the cause of his default was the Kansas Court of Appeals' "gross negligence and incompetence," as evidenced by its failure to fully address a number of issues he raised in his 60-1507 motion. But the record clearly shows that on direct review and during the 60-1507 appeal, the Kansas Court of Appeals addressed each issue Mr. Blaurock properly presented to the court. The cause of Mr. Blaurock's defaults was not the Kansas Court of Appeals' failure to address the issues, but his failure to raise each individual claim in his 60-1507 motion to the trial court, his 60-1507 appeal to the Kansas Court of Appeals, and his two petitions for review filed with the Kansas Supreme Court. In addition, before the district court and again in his application for a COA, Mr. Blaurock contends his default was also caused by an inability to obtain his transcripts. As we previously noted, Mr. Blaurock asserts he had access to transcripts at the relevant stages of his case, and it is clear his procedural default was not caused by a failure to obtain those transcripts or cite to the record—rather, it was his complete failure to raise the claims in his appeals and petitions for review. Finally, before the district court and in his application for a COA, Mr. Blaurock makes no attempt to claim or demonstrate actual innocence.

We therefore conclude that reasonable jurists could not debate the district court's assessment that Mr. Blaurock's remaining twenty-four unexhausted claims are procedurally defaulted. Accordingly, we deny a COA as to each of those claims.

### B. *Review of the District Court's Rulings on the Merits*

In order for a COA to issue for any of his five remaining claims,[11] Mr. Blaurock must show that "jurists of reason would find it debatable whether the [claims state] a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To do so, Mr. Blaurock must sufficiently allege that the state-court decisions he challenges are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Keeping in mind the deference owed to state-court determinations on the merits under AEDPA, *see Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004), and limiting our review to a general assessment of Mr. Blaurock's claims, we find jurists of reason could not debate the district court's denial of claims 13, 14, 26, 27, and 30 of Mr. Blaurock's § 2254 petition.

---

[11] Mr. Blaurock's exhausted claims consist of claims regarding the admission and use of prior crimes evidence, and the trial court's deficient limiting instructions related to that evidence (claims 13 and 14), ineffective assistance of counsel during his 60-1507 proceedings (claim 26), the Kansas trial court's alleged violation of Kansas Supreme Court Rule 183(j) (claim 27), and violation of his right to speedy trial under Kansas law (claim 30).

In claims 13, 14, 27, and 30, Mr. Blaurock raises arguments challenging the application of state, as opposed to federal, law. The Supreme Court has reiterated "many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Accordingly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67–68; *see Dockins*, 374 F.3d at 940 ("Federal habeas courts will not . . . review issues of purely state law . . . ."). At most, our review may encompass a determination of "whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or [other constitutional] violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Harmon v. McCollum*, 652 F. App'x 645, 651 (10th Cir. 2016) (unpublished) (determining the state court's ruling "on its own state law [was not] 'so arbitrary or capricious as to constitute an independent due process . . . violation'" (quoting *Lewis*, 497 U.S. at 780)); *Pimenta v. Crandell*, No. 99-2055, 1999 WL 1009518, at *4 (10th Cir. Nov. 8, 1999) (noting "a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate the defendant's due process rights."). As described below, application of these principles to claims 13, 14, 27, and 30 leaves no room for reasonable jurists to debate that these claims allege state-law violations that are not cognizable grounds for federal habeas relief, and that the Kansas Court of Appeals' decisions regarding these claims were not arbitrary or capricious and thus did not violate Mr. Blaurock's constitutional rights.

In claim 13, Mr. Blaurock asserts the State was allowed to use DNA evidence from the alleged sexual assault on June 1, 2005, to corroborate and prove the sexual assault that allegedly occurred on May 25, 2005. In claim 14, Mr. Blaurock asserts a related theory, arguing the trial court provided erroneous jury instructions in his second trial regarding the use of the prior crimes evidence stemming from allegations raised in the first trial, including the June 1, 2005, DNA evidence. Both claims present issues of state law that are not cognizable grounds for habeas relief. In addition, nothing in the Kansas Court of Appeals' comprehensive decision, in which it found the prior crimes evidence admissible and any defects in the limiting instruction to constitute harmless errors, suggests its rulings were arbitrary or capricious, let alone so arbitrary or capricious as to amount to a violation of Mr. Blaurock's constitutional rights. *See State v. Blaurock*, 201 P.3d 728, 738–47 (Kan. Ct. App. 2009).

In claim 27, Mr. Blaurock argues that in deciding his 60-1507 motion, the Wyandotte County District Court violated Kansas Supreme Court Rule 183(j) by failing to explicitly make findings of facts and conclusions of law on all issues presented.[12] This claim presents a purely procedural state law issue, and "federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (internal quotation marks omitted); *see also id.* at 1250–51 (finding

---

[12] Rule 183(j) requires Kansas trial courts to "make findings of fact and conclusions of law on all issues presented" when ruling on a 60-1507 motion. Kan. Sup. Ct. R. 183(j).

27

petitioner's claim that the state trial court failed "to provide adequate conclusions of law in its order denying . . . post-conviction relief" did "not amount to a federal constitutional claim that is cognizable in . . . a federal habeas action"); *Hurt v. McKune*, No. 09-3142-SAC, 2009 WL 2106125, at *1 n.1 (D. Kan. July 16, 2009) (unpublished) (holding a claim under Kansas Supreme Court Rule 183(j) "involve[d] matters of state law and [is] not ground[ ] for federal habeas corpus relief"). The Kansas Court of Appeals addressed this issue at length in its opinion affirming the trial court's denial of Mr. Blaurock's 60-1507 motion. *See Blaurock v. State*, No. 108,591, 2015 WL 1122935, at *1–5 (Kan. Ct. App. Mar. 6, 2015) (unpublished). And there is nothing to suggest that its decision was so arbitrary or capricious as to constitute an independent violation of his constitutional rights.

In claim 30, Mr. Blaurock contends his right to a speedy trial, as provided for in Kansas Statutes Annotated § 22-3402, was violated when the Kansas trial court granted the State's request for a continuance of his second trial in order to allow the State to analyze the DNA evidence. The continuance resulted in a 122-day delay between the end of Mr. Blaurock's mistrial and the beginning of his second trial. *See Blaurock*, 201 P.3d at 749. In its opinion affirming Mr. Blaurock's conviction on direct appeal, the Kansas Court of Appeals addressed at length whether Mr. Blaurock's right to a speedy trial under Kansas law had been violated, and whether the trial court erred in granting the state a continuance. *See id.* The Kansas Court of Appeals concluded that: (1) Mr. Blaurock did not have a right to a speedy trial under Kansas Statutes Annotated § 22-3402 during the period between his trials because he was being held in custody as a result of his

28

conviction in the first trial, not solely for the criminal charges at issue in the second trial, *see State v. Mann*, 56 P.3d 212 (Kan. 2002); and (2) the factors required to merit a continuance under Kansas Statutes Annotated § 22-3402(5)(c)[13] were satisfied by the State's need of additional time to complete an analysis of relevant DNA evidence. *Blaurock*, 201 P.3d at 748–751.

Again, Mr. Blaurock's challenge to the Kansas Court of Appeals' decision presents issues of state law that are not cognizable on federal habeas review.[14] In addition, the Kansas Court of Appeals undertook a detailed review of Mr. Blaurock's claim, applying relevant statutory and case law in reaching its determination on both grounds. We conclude a reasonable jurist could not debate that the Kansas Court of

---

[13] These factors are now found in Kansas Statutes Annotated § 22-3402(e).

[14] Mr. Blaurock only alleges a violation of his right to a speedy trial under Kansas law. But even if we assume that Mr. Blaurock's claim implicates a violation of his constitutional right to a speedy trial, issuance of a COA is not warranted. "In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant." *United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009). However, we only reach the final three factors of this analysis if we first determine the delay is presumptively prejudicial. *Id.* ("The first factor, length of delay, functions as a triggering mechanism and the remaining factors are examined only if the delay is long enough to be presumptively prejudicial." (internal quotation marks omitted)); *Jackson v. Ray*, 390 F.3d 1254, 1262 (10th Cir. 2004). Delays approaching one year are generally considered presumptively prejudicial. *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) ("Delays approaching one year generally satisfy the requirement of presumptive prejudice."); *Jackson*, 390 F.3d at 1262. Because a delay of 122 days falls far short of a presumptively prejudicial delay, reasonable jurists could not debate whether Mr. Blaurock has made a valid claim of the denial of a constitutional right.

Appeals' decision was not arbitrary or capricious, and thus no reasonable jurist could debate the district court's determination.

Finally, in claim 26, Mr. Blaurock contends his counsel was ineffective during the 60-1507 hearing conducted by the trial court because counsel: (1) failed to object to the court's alleged violation of Kansas Supreme Court Rule 183(j); (2) did not advocate in the manner required by the Code of Professional Conduct; and (3) did not introduce into evidence certain defense witness statements or testimony. After determining Mr. Blaurock had properly exhausted this claim, the district court denied it on the merits, finding § 2254 specifically prohibits claiming ineffective counsel at collateral post-conviction proceedings as a ground for habeas relief. No reasonable jurist could disagree with the district court's determination. Section 2254(i) clearly provides: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." And 60-1507 motions are collateral post-conviction proceedings. *See* Kan. Stat. Ann. 60-1507; *Nunez v. McKune*, 816 F. Supp. 660, 661–62 (D. Kan. 1993) (discussing § 60-1507 as a post-conviction collateral proceeding).

For the foregoing reasons, we find no reasonable jurist could debate the district court's denial of claims 13, 14, 26, 27, and 30. Accordingly, we deny Mr. Blaurock's request for a COA on those claims.

### III.    MISCELLANEOUS MOTIONS

On February 27, 2017, Mr. Blaurock filed a motion with this court seeking permission to submit an appendix to his combined application for a COA and opening

30

brief. The Clerk denied Mr. Blaurock's request, as it was unnecessary under Federal Rule of Appellate Procedure 11(b), and Tenth Circuit Rules 11.1(A) and 30.1. On March 13, 2017, Mr. Blaurock simultaneously filed an objection to the Clerk's order denying him permission to submit an appendix, which we construe as a motion to reconsider, and a motion requesting to clarify the record on appeal. With these motions, Mr. Blaurock seeks to present attorney-client communications, portions of transcripts from his trials and post-conviction hearings, and two tables of contents in order to clarify the state court records included in the record on appeal. After review of the existing record, we find it to be in accordance with the Federal Rules of Appellate Procedure and Tenth Circuit Rules. In addition, the proposed supplementary material is either already included in the record before the court, not required by Tenth Circuit Rules, or immaterial to the COA application and appeal. Accordingly, Mr. Blaurock's motions are denied.

## IV.    CONCLUSION

For the reasons set forth above, we conclude that reasonable jurists could not debate the district court's denial of Mr. Blaurock's § 2254 petition. We therefore deny a COA as to all claims raised in his § 2254 petition, and dismiss the appeal. We also deny Mr. Blaurock's motions regarding the record on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge


31